Opinion Issued October 15, 2009

 













In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-04-01252-CR

 01-04-01253-CR

____________


RONALD DAVID ROGERS, APPELLANT


v.


THE STATE OF TEXAS, APPELLEE


 



On Appeal from the 268th District Court 

Fort Bend County, Texas

Trial Court Cause Nos. 39154A; 39155








O P I N I O N

 Appellant, Ronald David Rogers, appeals a judgment that convicts him for the
second-degree felony offense of aggravated assault with a deadly weapon of Tammy
Goldsmith in appellate cause number 01-04-01252-CR, which is trial court cause
number 39154A; and a judgment that convicts him for the second-degree felony
offense of attempted aggravated sexual assault of Goldsmith in appellate cause
number 01-04-01253-CR, which is trial court cause number 39155. See Tex. Penal
Code Ann. § 15.01 (Vernon 2003), §§ 22.02, 22.021 (Vernon Supp. 2008). 
Appellant pleaded guilty to both offenses before a single jury. The jury found true
a punishment enhancement paragraph and determined appellant's punishment for
aggravated assault at 60 years in prison and a $5,000 fine. The jury determined
appellant's punishment for attempted aggravated sexual assault at 15 years in prison
and a $5,000 fine. 

 In three issues pertaining to each of the two appeals, appellant contends (1) the
attempted aggravated sexual assault is barred by double jeopardy because aggravated
assault with a deadly weapon is a lesser-included offense of attempted aggravated
sexual assault, (2) the aggravated assault with a deadly weapon is barred by double
jeopardy because it is a lesser-included offense of attempted aggravated sexual
assault, and (3) appellant was deprived of counsel at a critical stage of proceedings,
the 30-day window for filing a motion for new trial. We conclude aggravated assault
is not a lesser-included offense of attempted aggravated sexual assault as alleged in
the indictment, and that appellant was not deprived of counsel during the 30-day
window for filing a motion for new trial. We, therefore, affirm.

Background

 While at work at her insurance office, Goldsmith took a restroom break. When
she exited her stall, she encountered appellant wearing a mask made of stockings with
an eye cut out. Appellant flashed a six to eight inch knife, pinned Goldsmith to the
wall, and after a brief struggle, placed the knife near her throat. Goldsmith
hyperventilated and appellant backed off her telling her not to scream. Goldsmith
then pushed appellant. Angered by her resistance, he pressed the knife against her
throat. Goldsmith pushed again, causing appellant to drop his knife. To regain
control of Goldsmith, appellant tried to pull her back into the stall. In the process, he
pulled off her blouse. 

 In response to Goldsmith's screams, a male co-worker entered the restroom and
asked if everything was ok. Goldsmith responded, "No, there's a rapist, call 911!" 
Appellant attempted to pick up the knife again, but Goldsmith escaped his grasp and
exited the restroom. She returned to her office cut in several places, clothed only in
her bra and pants. 

 William Graper, the male co-worker who answered Goldsmith's calls for help, 
ran to get additional help from other co-workers when he saw appellant and
Goldsmith struggling in the bathroom. Graper and other co-workers managed to seize
appellant for the police. After arresting appellant, the police found several items in
his possession: a leash, a roll of electrical tape, a roll of duct tape, a stocking, and an
item that appeared to be a gag.

 Appellant was indicted for aggravated assault and attempted aggravated sexual
assault. Without any objections to the indictments, appellant pleaded guilty to both
offenses. In the sentencing phase of the trial, the State presented the testimony of
Goldsmith, Graper, and other co-workers, as well as witnesses involved in the
subsequent investigation. Appellant presented the testimony of his brother and a
close life-long friend.

 Nineteen days after the judgment was rendered, appellant filed a timely pro se
notice of appeal and a pro se request for an attorney. No motion for new trial was
filed. After appellant filed the pro se appeal, the District Clerk listed appellant as a
pro se appellate litigant and sent correspondence directly to appellant. 

 To address whether appellant wished to proceed pro se, we abated the case to
the trial court for the trial court's certification of appellant's right to appeal and a
determination of whether appellant should be appointed appellate counsel. On
remand, the trial court stated,

[D]efendant was appointed an attorney at the outset of this case as he
was determined to be indigent. Such finding of indigence has not
changed. Such attorney is Philip Parker . . . . In accordance with the
provisions of Fort Bend County Local Rules "an attorney who is
appointed to represent an indigent defendant, regardless of the degree
of offense, is expected to represent that defendant through all pretrial,
post trial and appellate levels." As such Philip Parker is and remains the
defendant's attorney. 

 

 Appellant later retained new appellate counsel, Bob Wicoff, and Parker
withdrew as counsel. Appellant's new counsel filed a motion in this court, requesting
that we order the 30-day window of time for filing a motion for new trial to begin
anew. In his motion, Wicoff stated that appellant desired to pursue a motion for new
trial, but did not have the assistance of counsel during the time the motion could have
been filed. Based on this motion, we abated the appeal for the second time on
December 19, 2005. Following former precedent, as outlined in Jack v. State, 42
S.W.3d 291, 292 (Tex. App.--Houston [1st Dist.] 2001, order), we abated the appeal
and remanded the case to the trial court for a hearing to determine whether appellant
was represented by counsel and whether he received effective assistance of counsel
during the 30-day window for filing a motion for new trial. 

 Parker testified at the abatement hearing that he advised appellant of his right
to file a motion for new trial and appeal, and that appellant said he would get back in
touch with Parker if appellant decided to pursue those options. Parker said appellant
never contacted him to file either a motion for new trial or an appeal. Parker testified
that he remained as appellant's counsel during the 30-day window for filing a motion
for new trial. The trial court found that trial counsel had represented appellant during
the 30-day window for filing a motion for new trial. After the hearing pursuant to the
second abatement, we reinstated the appeals.Double Jeopardy

 In his second and third issues, appellant contends the aggravated assault
judgment and the attempted aggravated sexual assault judgment are barred by double
jeopardy because aggravated assault is a lesser-included offense of attempted
aggravated sexual assault. 

 A. Applicable Law

 The Double Jeopardy Clause of the Fifth Amendment, applicable to the states
through the Fourteenth Amendment, protects an accused against a second prosecution
for the same offense for which he has been previously acquitted or previously
convicted. Littrell v. State, 271 S.W.3d 273, 275 (Tex. Crim. App. 2008) (citing
Brown v. Ohio, 432 U.S. 161, 164, 97 S. Ct. 2221, 2225 (1977)). It further protects
an accused from being punished more than once for the same offense. Id. 

 Appellant's case involves the issue of multiple punishments stemming from a
single prosecution. In the multiple-punishments context, two offenses may be the
same if one offense stands in relation to the other as a lesser-included offense, or if
the two offenses are defined under distinct statutory provisions but the Legislature
has made it clear that one punishment is intended. Id. at 276 (citing Bigon v. State,
252 S.W.3d 360, 370 (Tex. Crim. App. 2008); Langs v. State, 183 S.W.3d 680, 685
(Tex. Crim. App. 2006)). 

 What is considered the same offense in the multiple-punishments context is a
matter of legislative intent. Littrell, 271 S.W.3d at 276 (citing Missouri v. Hunter,
459 U.S. 359, 368, 103 S.Ct. 673, 679 (1983)). The traditional indicator of that
legislative intent is the so-called "same elements" test of Blockburger v. United
States. Id. (citing Blockburger v. United States, 284 U.S. 299, 304, 52 S. Ct. 180, 182
(1932)). Under the Blockburger test, the court should presume that the Legislature
did not regard two statutorily defined offenses to be the same if "each provision
requires proof of a fact which the other does not." Blockburger, 284 U.S. at 304, 52
S. Ct. at 182. Although Blockburger provides the definitive test, the test is not
exclusive, and an accused may be punished for two offenses that would be regarded
as the same under a Blockburger analysis if the Legislature has made this intention
clear. Littrell, 271 S.W.3d at 276.

 In determining whether an offense is a lesser-included offense of another
offense, the court begins "by comparing the elements of the greater offense, as the
State pled it in the indictment, with the elements of the statute that defines the lesser
offense." Id. (citing Hall v. State, 225 S.W.3d 524, 525 (Tex. Crim. App. 2007));
Bigon v. State, 252 S.W.3d 360, 370 (Tex. Crim. App. 2008). When the greater
offense may be committed in more than one manner, the manner alleged determines
whether the other offense alleged is a lesser-included offense. Hall, 225 S.W.3d at
531. 

 An offense is a lesser-included offense if:

(1) it is established by proof of the same or less than all the facts
required to establish the commission of the offense charged;


(2) it differs from the offense charged only in the respect that a less
serious injury or risk of injury to the same person, property, or public
interest suffices to establish its commission;


(3) It differs from the offense charged only in the respect that a less
culpable mental state suffices to establish its commission; or


(4) It consists of an attempt to commit the offense charged or an
otherwise included offense.


Tex. Code Crim. Proc. Ann art. 37.09 (Vernon 2006); Aguilar v. State, 263 S.W.3d
430, 435 (Tex. App.--Houston [1 Dist.] 2008, pet. ref'd). 

 B. Elements of the Offenses

 The indictment for attempted aggravated sexual assault states,

[T]he Defendant, heretofore on or about November 25, 2003, did then
and there intentionally, with the specific intent to commit the offense of
aggravated sexual assault, do an act, to-wit: threatened Tammy
Goldsmith with a knife and grabbed Tammy Goldsmith's clothing,
which amounted to more than mere preparation that tended to but failed
to effect the commission of the offense intended. 


 The indictment pleaded appellant acted with intent to commit aggravated
sexual assault without specifying the manner and means. Under the Texas Penal
Code, a person commits the offense of aggravated sexual assault by intentionally or
knowingly causing penetration of the anus, sexual organ, or mouth of another person
by any means without that person's consent, and by "us[ing] or exhibit[ing] a deadly
weapon in the course of the same criminal episode," or by committing one of the
other aggravating factors listed in 22.021(a)(2)(A). See Tex Penal Code Ann.
§§ 22.021(a)(1)(A), (a)(2)(A)(iv) (Vernon Supp. 2008). 

 A person commits attempted aggravated sexual assault if the person's acts
"amount[ed] to more than mere preparation that tend[ed] to but fail[ed] to effect the
commission of the offense intended." Tex. Penal Code Ann. § 15.01. For the
attempted aggravated sexual assault as alleged, the State had to show that:


 appellant threatened Goldsmith with a knife or grabbed
Goldsmith's clothing in an attempt to commit aggravated sexual
assault; and

 appellant acted with the specific intent to sexually assault
Goldsmith by using or exhibiting a deadly weapon or by
committing one of the other aggravating factors listed in section
22.021.



See Tex. Penal Code Ann. §§ 22.021(a)(1)(A), (a)(2)(A)(iv)

 The aggravated assault as pleaded required the State to prove additional
elements not found in the indictment for attempted aggravated sexual assault. The
indictment for aggravated assault states,

[T]he Defendant, heretofore on or about November 25, 2003, did then
and there intentionally and knowingly threaten Tammy Goldsmith with
imminent bodily injury and did then and there use and exhibit a deadly
weapon, to-wit: a knife, during the commission of said assault[.] 

 

See Tex. Penal Code Ann. § 22.01(a)(1)(Vernon Supp. 2008), § 22.02; Burke v.
State, 28 S.W.3d 545, 548 (Tex. Crim. App. 2000) (person commits aggravated
assault by causing serious bodily injury to another, or by threatening imminent bodily
injury or causing bodily injury and using or exhibiting deadly weapon during
commission of assault). Although the underlying evidence to prove the two offenses is similar, that is
not the pertinent inquiry. Determining whether an offense is a lesser-included offense
of the alleged offense is a question of law that does not depend on the evidence to be
produced at trial but, rather, depends on the elements in the charging instruments. 
Hall, 225 S.W.3d at 535. For aggravated assault, the State must show appellant threatened imminent
bodily injury with a deadly weapon, as compared to the attempted aggravated sexual
assault that requires a lesser burden of using or exhibiting a deadly weapon in the
course of the same criminal episode. See Tex. Penal Code Ann. § 22.021(a)(1)(A),
(a)(2)(A)(iv). Because the elements required to prove aggravated assault as alleged
are not the same as, or less than, the elements required to prove attempted aggravated
sexual assault, aggravated assault is not a lesser-included offense of attempted
aggravated sexual assault under the pleadings in this case. See, e.g., Ramos v. State,
981 S.W.2d 700, 701 (Tex. App.--Houston [1st Dist.] 1998, pet. ref'd) (holding
assault not lesser-included offense of aggravated sexual assault because aggravated
sexual assault does not require proof that actor knew or should have known that
contact would be offensive). 

 We overrule appellant's second and third issues for both appeals.

Representation of Counsel During Window for Filing Motion for New Trial

 In his first issue, appellant contends he was deprived of counsel during the
30-day window of time for filing a motion for new trial because the record shows (1)
appellant filed a pro se notice of appeal, and (2) the Fort Bend District Clerk only sent
notifications to appellant after appellant filed the pro se notice of appeal. Appellant
requests abatement with remand of the cause to the trial court with instructions that
appellant be permitted to file a motion for new trial. 

 A. Law Concerning Motion for New Trial 

 A defendant has a right to file a motion for new trial, but must do so no later
than 30 days after sentence is imposed. See Tex. R. App. P. 21.4(a). Texas courts
of appeals have held the period for filing a motion for new trial is a critical stage at
which a defendant is entitled to counsel. Benson v. State, 224 S.W.3d 485, 490-91
(Tex. App.--Houston [1 Dist.] 2007, no pet.) (en banc). When a defendant is
deprived of effective counsel during the period for filing a motion for new trial, the
remedy is to reset the appellate time limits. Id. at 491 (citing Ward v. State, 740
S.W.2d 794, 800 (Tex. Crim. App. 1987) (en banc)). 

 B. Trial Counsel Continues Representation After Judgment Rendered "[A]ppointed trial counsel remains as the defendant's counsel for all purposes
until he is expressly permitted to withdraw, even if the appointment was for the trial
only." Ward, 740 S.W.2d at 798. "[I]t is abundantly clear that an appointed
attorney's legal responsibilities do not magically and automatically terminate at the
conclusion of the trial . . . . The continuity of representation from trial to appeal is
necessary to correct the ambiguity of representation which all too often follows a
conviction." Id. at 796-97. Trial counsel, retained or appointed, has the duty,
obligation, and responsibility to consult with and fully advise his client concerning
the meaning and effect of the judgment rendered by the court, his rights of appeal,
and the necessity of properly following procedural steps regarding appeal. Benson,
224 S.W.3d at 491 (citing Ex parte Axel, 757 S.W.2d 369, 374 (Tex Crim. App. 1988)
(en banc)). 

 Our appellate review, therefore, begins with the presumption that trial counsel
continued to effectively represent appellant during the window for filing a motion for
new trial. Id. Furthermore, we presume the reason a motion for new trial was not
filed was because appellant considered filing it but opted not to file it. Oldham v.
State, 977 S.W.2d 354, 363 (Tex. Crim. App. 1998) ("When a motion for new trial
is not filed in a case, the rebuttable presumption is that it was considered by the
appellant and rejected."). The burden to produce evidence to rebut the presumption falls on the appellant. 
See id. If an appellant rebuts the presumption by showing that he was not adequately
represented during the period for filing a motion for new trial, then the remedy is to
abate the proceedings and restart the appellate timetable. See Ward, 740 S.W.2d at
800. 

 C. Analysis

 At the evidentiary hearing, Parker testified he followed the Fort Bend County
Local Rules, which provide that appointed counsel represent defendants through all
pretrial, post trial, and appellate levels until counsel is expressly permitted to
withdraw, even if the appointment was for the trial only. Parker also testified that
"[he] advised [appellant] of his rights to file a [m]otion for [n]ew [t]rial," that he
advised appellant "of his right to file a notice of appeal," and that appellant "told
[Parker] that he would get back with [Parker] and let [Parker] know what he wanted
to do." Parker also testified that this discussion "occurred at the end of the
punishment hearing." Appellant told Parker that he "didn't know at that time" what
he wanted to do. Parker explained that if appellant "had said, yes, I do want to file
it . . . [Parker] would have immediately [contacted] the Court coordinator because [he
could] immediately file at that point in time." 

 After Parker's testimony, the trial court found appellant was represented by
trial counsel in the 30-day window after the judgment was rendered. Specifically, the
trial court made the following rulings:

The Court will take judicial notice of the rules . . . that says that a trial
lawyer will stay on the case as the appellate lawyer until such time as he
either moves to withdraw and a substitution is entered or he continues
the appeal. So on its face [Parker] remained the attorney of record
throughout. . . . The testimony we have before us today is Mr. Parker
advised him on the day of the judgment being returned or the sentence
being returned that he had a right to file a Motion For New Trial or
appeal, but the contrary of Mr. Roger's testimony is that he cannot
recall. . . . The evidence is clear he was advised and as such he had the
right to make that decision, and his decision was to file a notice of
appeal. So, under the plain reading of the law, he has waived his right
for a Motion For New Trial, and that is my finding. 


 The record supports the trial court's determination that trial counsel did not
abandon appellant. First, although appellant accurately notes that Parker was not sent
notifications by the Fort Bend County District Clerk, the reason the clerk only sent
notices to appellant was because appellant filed a pro se notice of appeal, and not
because it was any comment on whether Parker continued to represent appellant.
Second, appellant's filing of the appeal is not evidence he was abandoned, because
an appellant filing of a pro se notice of appeal is evidence that the appellant was
informed of at least some of his appellate rights. See Oldham, 977 S.W.2d at 363. 
Third, the record shows appellant's attorney notified appellant of his right to file a
motion for new trial immediately after sentencing. The record also shows appellant
told his attorney that he would "get back" to the attorney when he made a decision. 
Instead of returning to his attorney to discuss the matter, appellant chose to move
forward and file a pro se notice of appeal without notifying his attorney. Fourth, the
record shows that as soon as appellant's attorney discovered that appellant filed a pro
se notice of appeal, he went and discussed the issue with appellant. 

 Appellant has not shown that his attorney failed to fully advise appellant about
the "meaning and effect of the judgment rendered by the court." See Ex parte Axel,
757 S.W.2d at 374. Appellant has not shown that trial counsel failed to advise him
of the right to file a motion for new trial or an appeal, that his attorney refused to file
a motion, or that appellant requested a motion for new trial. See generally Burnet v.
State, 959 S.W.2d 652, 659 (Tex. App.--Houston [1st Dist.] 1997, pet. ref'd). In
short, appellant has not shown this court that his attorney failed as counsel during the
30-day window. See Benson, 224 S.W.3d at 497. 

 We cannot conclude that appellant has sufficiently rebutted the presumption
that trial counsel continued to represent him effectively. See id. We hold the record
shows appellant was represented by counsel at all times in the litigation, and the
record supports the presumption that counsel was acting effectively at all times. See
Smith v. State, 17 S.W.3d 660, 662-63 (Tex. Crim. App. 2000); Benson, 224 S.W.3d
at 498.

 We overrule appellant's first issue for both appeals.


Conclusion

We affirm the two trial court convictions.




 Elsa Alcala

 Justice


Panel consists of Justices Keyes, Alcala, and Hanks.


Publish. Tex. R. App. P. 47.2(b).