

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### No. PD-0884-11; No. PD-0885-11

### GERALD CHRISTOPHER ZULIANI, Appellant

### v.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRD COURT OF APPEALS
### WILLIAMSON COUNTY

*Per curiam.* Keller, P.J., and Hervey, J., not participating.

### O P I N I O N

Appellant was convicted of reckless driving and deadly conduct. The jury assessed punishment at 30 days' confinement and a $100 fine for the reckless driving conviction and one year's confinement and a $3,000 fine for the deadly conduct conviction. The court of appeals concluded that Appellant's two convictions represented multiple punishments for the same offense in violation of the prohibition against double jeopardy and reversed the conviction for reckless driving. *Zuliani v. State*, 338 S.W.3d 213 (Tex. App.–Austin 2011).

The State has filed a petition for discretionary review asserting that the court of appeals erred in failing to consider legislative intent in its double jeopardy analysis. We agree.

In considering Appellant's double jeopardy claim, the court of appeals correctly concluded that, when the same conduct violates two different statutory provisions, the two offenses are the same for double jeopardy purposes if one offense contains all of the elements of the other. In Texas, courts focus on the elements alleged in the charging instruments, so two offenses with different statutory elements may be the same for double jeopardy purposes if, as charged, they require proof of the same facts. *Bigon v. State*, 252 S.W.3d 360, 370 (Tex. Crim. App. 2008). The court of appeals compared the elements of the two offenses, as charged, and concluded that they were the same for double jeopardy purposes in this case. This analysis was correct, but incomplete. Impermissible multiple punishment occurs when the same criminal act is punished twice under two distinct statutory provisions and the Legislature intended the conduct be punished only once. *Id.*; *Ex parte Ervin*, 991 S.W.2d 804, 814 (Tex. Crim. App. 1999). The court of appeals did not consider whether the Legislature intended the conduct to be punished only once.

We will not conduct an analysis of legislative intent for the first time in a petition for discretionary review. *See, e.g., Benavidez v. State*, 323 S.W.3d 179, 183 & n.20 (Tex. Crim. App. 2010) (in its discretionary review capacity, this Court reviews "decisions" of the courts of appeals, and an issue that lower court did not pass upon is not ordinarily ripe for our review). Instead, we grant Ground one of the State's Petition for Discretionary Review,

vacate the judgment of the court of appeals, and remand the cause to that court for further consideration.

Delivered: November 2, 2011

Publish.