# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON REMAND

## NO. 03-10-00041-CR
## NO. 03-10-00042-CR

**Gerald Christopher Zuliani, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE COUNTY COURT AT LAW NO. 1 OF WILLIAMSON COUNTY,
NOS. 09-05342-1 & 09-07509-1, HONORABLE SUZANNE BROOKS, JUDGE PRESIDING**

## O P I N I O N

Gerald Christopher Zuliani was charged with the offenses of reckless driving and deadly conduct. *See* Tex. Transp. Code Ann. § 545.401 (West 2011); Tex. Penal Code Ann. § 22.05 (West 2005). A jury convicted Zuliani of both offenses, assessing punishment at thirty days' confinement and a $100 fine for the reckless-driving conviction and one year's confinement and a $3,000 fine for the deadly-conduct conviction. We held on original submission that Zuliani's convictions violated the prohibition against doubly jeopardy because the convictions represented multiple punishments for the same offense. *See Zuliani v. State*, 338 S.W.3d 213, 218–19 (Tex. App.—Austin 2011, pet. granted). Accordingly, we affirmed Zuliani's conviction for deadly conduct and vacated his conviction for reckless driving. *See id.*

The court of criminal appeals vacated our judgment, holding that "[i]mpermissible multiple punishment occurs when the same criminal act is punished twice under two distinct statutory provisions *and* the Legislature intended the conduct be punished only once." *See Zuliani v. State*, 353 S.W.3d 872, 872 (Tex. Crim. App. 2011) (emphasis added). Because we did not analyze whether the legislature intended Zuliani's conduct to be punished only once, the court of criminal appeals remanded this case to us for further consideration. *See id.* After doing so, we reach the same conclusion that we did on original submission.

## BACKGROUND AND PROCEDURAL HISTORY

The underlying prosecution in this case arose from a motor-vehicle collision that occurred on June 7, 2009, on Farm-to-Market Road 1431 (FM 1431) in Williamson County, Texas.[1] An eye-witness to the collision testified that he was driving a motorcycle eastbound on FM 1431 when he observed a small blue car turn from a side street onto the right lane of eastbound FM 1431, in front of a maroon truck. The witness testified that the driver of the maroon truck, later identified as Zuliani, began following closely behind the blue car, driven by Gretchen Gruber. When both Gruber and Zuliani moved their vehicles into the left lane simultaneously, Zuliani made a "very violent move back into the right lane," then accelerated to pull ahead of Gruber. At that point, Zuliani "intentionally, angrily moved in front of [Gruber] and slammed on the brakes." When asked to clarify whether Zuliani merely tapped his brakes, the witness stated, "No, no, no . . . . White smoke slammed on the brakes." Gruber then lost control of her vehicle and traveled across the right lane into a guardrail, before coming back into the left lane and hitting Zuliani's vehicle, sending both

---

[1] The facts recited herein are taken from testimony and exhibits admitted at trial.

vehicles spinning. When the vehicles came to rest, the witness stopped to render aid.[2] Gruber suffered a bruised big toe as a result of the incident, but no other injuries.

Zuliani was charged with reckless driving by "cutting another vehicle off in traffic then slamming on his brakes, causing another vehicle to strike a guardrail." *See* Tex. Transp. Code Ann. § 545.401. The State subsequently amended the charging instrument to include a deadly conduct charge based on Zuliani's "cutting [Gruber's] vehicle off in traffic then slamming on the brakes, causing her vehicle to strike a guardrail." *See* Tex. Penal Code Ann. § 22.05. After hearing the evidence, the jury found Zuliani guilty of both reckless driving and deadly conduct, assessing punishment of 30 days' confinement and a $100 fine for reckless driving and one year's confinement and a $3,000 fine for deadly conduct.

On original submission, Zuliani argued that his conviction for reckless driving and deadly conduct violated the prohibition against double jeopardy.[3] *See Evans v. State*, 299 S.W.3d 138, 140–41 (Tex. Crim. App. 2009); *see also* U.S. Const. amend. V; Tex. Const. Art. 1, § 14.[4]

---

[2] At trial, other witnesses including Gruber, a passenger in Zuliani's car, and an accident reconstruction expert gave varying accounts of this accident. *See Zuliani v. State*, 338 S.W.3d 213, 216–17 (Tex. App.—Austin 2011). Because the specific sequence of events surrounding the accident is not relevant to our discussion on remand, we do not repeat the witnesses' other accounts here.

[3] Zuliani also claimed that the evidence was insufficient to support his conviction for deadly conduct and reckless driving. Having dismissed Zuliani's reckless driving conviction, we concluded that the evidence was sufficient to support his conviction for deadly conduct. *See Zuliani*, 338 S.W.3d at 220–221. The court of criminal appeals vacated our judgment, but not our opinion, and remanded this case for further consideration without addressing our sufficiency-of-the-evidence analysis. *See* Tex. R. App. P. 78.1(f). For the reasons set forth in our prior opinion, we reaffirm and readopt our holding with regard to Zuliani's legal-sufficiency claim. *See Zuliani*, 338 S.W.3d at 220–221.

[4] Zuliani did not raise his double-jeopardy claim at the trial court. However, this claim may be raised for the first time on appeal when the double-jeopardy violation is clearly apparent on the face of the record and no legitimate state interest is served by the enforcement of default rules of procedure. *See Gonzalez v. State*, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000).

3

Applying a *Blockburger* analysis, this Court concluded that Zuliani's two convictions represented multiple punishments for the same offense, thus violating the prohibition on double jeopardy. *See Zuliani*, 338 S.W.3d at 218–19; *see also Blockburger v. United States*, 284 U.S. 299, 304 (1932). Accordingly, we affirmed Zuliani's conviction for deadly conduct and vacated his conviction for reckless driving. *See Zuliani*, 338 S.W.3d at 218–19; *see also Bigon v. State*, 252 S.W.3d 360, 372 (Tex. Crim. App. 2008) (noting that if convictions violate double jeopardy, appellate courts affirm conviction of most serious offense, i.e., offense with greatest sentence assessed, and vacate other convictions).

Upon granting the State's petition for discretionary review, the court of criminal appeals found that our double-jeopardy "analysis was correct, but incomplete." *See Zuliani*, 353 S.W.3d at 872. The court vacated our judgment and remanded this cause for us to consider whether the legislature intended the conduct in this case to be punished more than once.

## DISCUSSION

The Double Jeopardy Clause of the Fifth Amendment, applicable to the states through the Fourteenth Amendment, shields defendants against (1) a second prosecution for the same offense after acquittal or conviction and (2) multiple punishments for the same offense stemming from a single prosecution. *See Evans*, 299 S.W.3d at 140–41. This case concerns the second category, given that after a single trial, Zuliani was punished twice for two offenses arising from the same series of events. *See id.* "With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Gonzales v. State*, 304 S.W.3d 838, 845 (Tex. Crim. App. 2010) (quoting

4

*Missouri v. Hunter*, 459 U.S. 359, 366 (1983)).  Therefore, whether the multiple punishments in this case constitute a violation of double jeopardy is "purely a question of legislative intent."  *See id.*

"The traditional indicum of that legislative intent is the so-called 'same elements' test of *Blockburger v. United States*."  *Id.* at 845 (citing *Blockburger*, 284 U.S. at 304).  Under the *Blockburger* test, if conduct violates two statutory provisions, but one of the provisions contains all of the elements of the other, we presume that the legislature intended to punish the conduct only once.  *See id.*  Texas has adopted a modified *Blockburger* test, described as a "cognate-pleadings approach," to determine when two offenses contain the same elements. *Bigon*, 252 S.W.3d at 370 (citing *Parrish v. State*, 869 S.W.2d 352, 354 (Tex. Crim. App. 1994)). Under the cognate-pleadings approach, we do not consider the statutory elements in the abstract, but rather, "we focus on the elements alleged in the charging instrument" to determine whether the offenses *as charged* require proof of the same elements.  *See id.*

On original submission, we determined that under the cognate-pleadings approach to *Blockburger*, all of the elements of reckless driving were included in the elements of deadly conduct as charged in this case.  *See Zuliani*, 338 S.W.3d at 218–19 (citing *Bigon*, 252 S.W.3d at 370).  The court of criminal appeals determined that our *Blockburger* analysis was correct, and thus agreed with our conclusion that these two crimes constituted a single offense under *Blockburger*. *See Zuliani*, 353 S.W.3d at 872.

However, for purposes of multiple-punishment analysis, the *Blockburger* test is only a tool of statutory construction—and not even an exclusive one—used to determine legislative intent. *Gonzales*, 304 S.W.3d at 845.  Therefore, "an accused may be punished for two offenses even though

5

they would be regarded as the same under a *Blockburger* analysis if the Legislature has otherwise made manifest its intention that he should be." *Id.* We did not discuss legislative intent in our original opinion. Thus, the court of criminal appeals remanded this cause for us to "consider whether the Legislature intended the conduct [in this case] to be punished only once."

Within the context of double jeopardy, the court of criminal appeals has created two distinct standards for reviewing legislative intent, which we will refer to as the "clear-expression" and "*Ervin*-factors" standards. *Compare Littrell v. State*, 271 S.W.3d 273, 278 (Tex. Crim. App. 2008) (concluding that legislature must clearly express intent to punish same offense twice within statute), *with Bigon*, 252 S.W.3d at 371 (analyzing legislative intent under factors set forth in *Ervin v. State*, 991 S.W.2d 804, 814 (Tex. Crim. App. 1999)). In previous cases, the court has indicated that when, as here, two offenses are the same under *Blockburger*, the clear-expression standard applies. *See, e.g.*, *Littrell*, 271 S.W.3d at 278. However, the court's order remanding this case appears to indicate that we should apply an *Ervin*-factors analysis. Therefore, out of an abundance of caution, we will analyze this case under both standards.

**"Clear-expression" standard**

The first standard we will consider is the clear-expression standard discussed in *Littrell v. State*. 271 S.W.3d at 276–78. In *Littrell*, the court of criminal appeals determined that as charged, aggravated robbery contained all of the elements of felony murder, and thus the two offenses were the same under a *Blockburger* analysis. *See id.* at 276–77 (quoting *Bigon*, 252 S.W.3d at 370) (noting that Texas applies cognate-pleadings approach to *Blockburger* analysis). The court noted that because the two offenses were the same under *Blockburger*, there was a presumption that

6

"they constitute[d] the same offense for double-jeopardy purposes." *Id.* at 278. The court proceeded to determine "whether the Legislature [had] *clearly expressed* an intention that an accused should be punished for both offenses, notwithstanding the *Blockburger* analysis." *Id.* (emphasis added).

The court stated that "[t]he Legislature knows well enough how to plainly express its intention that an accused should suffer multiple punishments for the same offense." *Id.* An example of plain expression of legislative intent, the court noted, was section 22.04 of the penal code, which clearly states that a person who is charged with injury to a child, elderly individual, or disabled individual may also be prosecuted and punished for "any other penal-code violation to which his conduct may subject him." *Id.* (quoting Tex. Penal Code Ann. § 22.04(h) (West 2011)). Similarly, the court explained, the legislature clearly expressed its intent in section 71.03(3) of the penal code that an accused may be punished both for engaging in organized criminal activity by committing capital murder and for the underlying capital murder itself. *See id.* (citing *Garza v. State*, 213 S.W.3d 338, 251–52 (Tex. Crim. App. 2007)); *see also* Tex. Penal Code Ann. § 71.03(3) (West 2011) ("It is no defense to prosecution under Section 71.02 [Engaging in Organized Criminal Activity] that . . . a person has been charged with, acquitted, or convicted of any offense listed in Subsection (a) of Section 71.02[.]"). The court concluded that, "[i]n the absence of such a comparably *clear expression* of contrary legislative intent," the presumption raised by *Blockburger* was not overcome, and thus felony murder and aggravated robbery were the same offense for double-jeopardy purposes. *Littrell*, 271 S.W.3d at 278 (emphasis added).

Under this clear-expression standard, if, as charged, two offenses are the same under *Blockburger*, then the offenses may only be punished once unless the statutory language clearly

expresses the legislature's intent to punish the conduct separately. *See id.*[5] The court of criminal appeals agreed with our conclusion that reckless driving and deadly conduct as charged in this case were the same offense under *Blockburger*. While not discussed in our original opinion, there is nothing in the language of either the reckless driving or deadly conduct statutes which indicates that these offenses may be punished separately. *See* Tex. Transp. Code Ann. § 545.401; Tex. Penal Code Ann. § 22.05. Therefore, under the clear-expression standard, we find that the legislature has not manifested its intent to allow multiple punishments for these offenses. *See Littrell*, 271 S.W.3d at 278. Thus, Zuliani's convictions for reckless driving and deadly conduct violate the prohibition on double jeopardy. *See id.*

## *Ervin*-factors analysis

In a related but separate series of cases, the court of criminal appeals has applied a non-exclusive list of factors to consider when determining whether the legislature intended to punish conduct only once, even though the conduct violated separate statutory provisions. *See Ervin*, 991 S.W.2d at 814. These so-called "*Ervin* factors" include:

(1) whether the offenses are in the same statutory section;

(2) whether the offenses are phrased in the alternative;

(3) whether the offenses are named similarly;

---

[5] *See also Garza v. State*, 213 S.W.3d 338, 251–52 (Tex. Crim. App. 2007) (concluding that legislature clearly expressed intent in statute that organized criminal activity and underlying crime can be punished twice); *Patterson v. State*, 152 S.W.3d 88, 91–92 (Tex. Crim. App. 2004) (concluding that statutory language did not authorize "stop-action" prosecution for both indecent exposure and sexual assault where exposure was incidental to assault).

(4) whether the offenses have common punishment ranges;

(5) whether the offenses have a common focus;

(6) whether the common focus tends to indicate a single instance of conduct;

(7) whether the elements that differ between the two offenses can be considered the same under an imputed theory of liability that would result in the offenses being considered the same under *Blockburger*; and

(8) whether there is legislative history containing an articulation of an intent to treat the offenses as the same or different for double-jeopardy purposes.

*Bigon*, 252 S.W.3d at 371 (citing *Ervin*, 991 S.W.2d at 814).

In *Gonzales v. State*, the court of criminal appeals indicated, but did not expressly state, that the *Ervin* factors should be applied only when conduct constitutes two separate offenses under *Blockburger*.[6] *See* 304 S.W.3d at 845–46. This is consistent with the court of criminal appeals's other decisions, which have applied the *Ervin* factors when two offenses are different under *Blockburger*, but applied the stricter "clear-expression" standard when two offenses are the same under *Blockburger*.[7]

---

[6] The court cited *Ervin* in the context of determining legislative intent when two offenses were different under *Blockburger*, but cited *Garza* in the context of determining legislative intent when two offenses were the same under *Blockburger. See Gonzales v. State*, 304 S.W.3d 838, 845–46 (citing *Ervin v. State*, 991 S.W.2d 804, 814 (Tex. Crim. App. 1999)); *but see Gonzales*, 304 S.W.3d at 845 n.23 (citing *Garza*, 212 S.W.3d at 351–52). The court in *Garza* applied the "clear-expression" standard outlined above, and did not reference the *Ervin* factors. *See* 212 S.W.3d at 351–52; *supra* n.5.

[7] *Compare Weinn v. State*, 326 S.W.3d 189, 192–94 (Tex. Crim. App. 2010) (applying *Ervin* factors where offenses have different elements under *Blockburger*); *Gonzales*, 304 S.W.3d at 846–47; *Bigon v. State*, 252 S.W.3d 360, 370 (Tex. Crim. App. 2008), *with Littrell v. State*, 271

However, the court of criminal appeals has never expressly stated that the *Ervin* factors should only be considered if two offenses are different under *Blockburger*. In its order remanding this case, the court cited *Bigon* and *Ervin*—two landmark *Ervin*-factors cases. *See Zuliani*, 353 S.W.3d at 872 (citing *Bigon*, 252 S.W.3d at 370; *Ervin*, 991 S.W.2d at 814). Furthermore, the court asked us to determine "whether the Legislature intended [this] conduct to be punished only once," which is language taken from *Langs v. State*, which itself cites to *Ervin*'s legislative-intent analysis. *See Langs v. State*, 183 S.W.3d 680, 685 n.12 (Tex. Crim. App. 2006) (citing *Ervin*, 991 S.W.2d at 816–17, as example of when legislature intended conduct be punished only once). Given our conclusion that these offenses are the same under *Blockburger*, we believe that the clear-expression standard is the applicable standard in this case. *See Littrell*, 271 S.W.3d at 278. Nonetheless, we will, out of an abundance of caution, analyze this case under the *Ervin* factors.

*Analysis*

The majority of the factors listed in *Ervin* do not clearly answer whether the legislature intended the conduct in this case to be punished twice. On the one hand, reckless driving and deadly conduct are not in the same code provisions, let alone the same statutory sections. *See* Tex. Transp. Code Ann. § 545.401; Tex. Penal Code Ann. § 22.05. Furthermore, the offenses are not named similarly. Finally, reckless driving has a lower punishment range than deadly conduct. *See* Tex. Transp. Code Ann. § 545.401 (setting maximum punishment for reckless driving at thirty days confinement and $200 fine); Tex. Penal Code Ann. § 22.05(e) (punishing deadly conduct as

S.W.3d 273, 278 (Tex. Crim. App. 2008) (applying "clear-expression" standard where offenses have same elements under *Blockburger*); *Garza*, 213 S.W.3d at 351–52; *Patterson*, 152 S.W.3d at 91–92.

Class A misdemeanor subject to one year confinement and $4,000 fine under section 12.21 of penal code). Thus, the first, third and fourth factors listed in *Ervin* could support the inference that the legislature intended reckless driving and deadly conduct to be punished separately. *See* 991 S.W.2d at 814.

However, factors two, seven, and eight do not support such a conclusion. *See id.*; *see also Gonzales*, 304 S.W.3d at 846 (noting that legislature must "make manifest its intention" to punish single act twice). The second factor is inapplicable, as offenses listed in separate sections cannot be stated in the alternative. *See Bigon*, 252 S.W.3d at 371 (noting that second factor not applicable because offenses in different statutory sections). Similarly, the seventh factor would support the conclusion that the legislature intended this conduct to be punished once because, as we explained on original submission, the offenses as charged are the same under *Blockburger*. *See Ervin*, 991 S.W.2d at 814; *Zuliani*, 338 S.W.3d at 218–19. Finally, as the State concedes, there is nothing in the legislative histories of either statute to indicate that the legislature intended these offenses to be punished separately. Therefore, our analysis hinges on the fifth and sixth *Ervin* factors, i.e., whether the offenses share a common focus and whether that focus indicates a single instance of conduct.

As the court explained in *Huffman v. State*, "the focus or 'gravamen' of the offense seems to be one of the best indicators of the allowable unit of prosecution prescribed by the legislature." *See* 267 S.W.3d 902, 907 (Tex. Crim. App. 2008). An offense may be focused in one of three ways: on the result of the conduct, on the nature of the conduct, or on the circumstances surrounding the conduct. *Id.*; *see also McQueen v. State*, 781 S.W.2d 600, 603 (Tex. Crim. App.

11

1989). A result-of-conduct crime, such as murder or injury to a child, is one in which an "unspecified conduct [] is criminalized because of its result . . . ." *See McQueen*, 781 S.W.2d at 603 (citations omitted); *see also Johnson v. State*, 364 S.W3d 292, 298 (Tex. Crim. App. 2012) (concluding aggravated assault is result-of-conduct crime because focus is injury to victim). By contrast, a nature-of-conduct offense, such as gambling or assault by threat, is criminalized because the nature of the act itself is unlawful, regardless of its consequence. *See McQueen*, 781 S.W.2d at 603; *see also Marino v. State*, 186 S.W.3d 167, 174 (Tex. App.—Austin 2006, pet. ref'd) (noting that assault by threat is nature-of-conduct offense). Finally, "[w]here otherwise innocent behavior becomes criminal because of the circumstances under which it is done," the offense is considered a circumstances-surrounding-the-conduct crime. *See McQueen*, 781 S.W.2d at 603 (noting that operating motor vehicle without consent is unlawful even though operating vehicle not inherently criminal). "Some offenses, such as capital murder, may contain both result of conduct and nature of conduct elements, and the question becomes which aspect of the statute predominates . . . ." *Huffman*, 267 S.W.3d at 907.

Reckless driving is not focused on the result of the driving, given that the offense is committed regardless of whether the driving causes any harm. Tex. Transp. Code Ann. § 545.401; *Cf. Johnson v. State*, 364 S.W3d 292, 298 (Tex. Crim. App. 2012) (concluding aggravated assault focuses on injury to victim). Similarly, reckless driving is not a nature-of-conduct crime because driving at fast speeds or, as in this case, braking quickly "is not criminal by its very nature." *See McQueen*, 781 S.W.2d at 603 (noting that driving motor vehicle not inherently criminal); *see also Fernandez v. State*, 306 S.W.3d 354, 369 (Tex. App.—Fort Worth 2010, no pet.) (Dauphinot, J.,

12

dissenting) (finding that reckless driving cannot occur when persons or property not near enough for safety to be at risk). Therefore, reckless driving is a circumstances-surrounding-the-conduct offense, and driving which endangers "the safety of persons or property" is the circumstance which is meant to be criminalized. *See* Tex. Transp. Code Ann. § 545.401(a); *see also Huffman*, 267 S.W.3d at 908–09 (concluding that "accident and a victim suffering an injury" is focus of fleeing the scene); *McQueen*, 781 S.W.2d at 603 (noting that "without owner's consent" is focus of unauthorized use of motor vehicle).

Similarly, deadly conduct is a circumstances-surrounding-the-conduct offense. *See* Tex. Penal Code Ann. § 22.05(a). Deadly conduct is not concerned with the results of the offense because the crime may be committed regardless of whether anyone is hurt. *See Guzman v. State*, 188 S.W.3d 185, 196 (Tex. Crim. App. 2006) (noting that deadly conduct "generally aimed at capturing conduct that falls short of harming another . . . ."). Furthermore, deadly conduct is not a nature-of-conduct offense because the underlying conduct does not need to be criminal in itself, but rather must be conducted under circumstances that put another individual in threat of serious bodily injury. Therefore, deadly conduct, like reckless driving, is focused on the circumstances surrounding the conduct, i.e., conduct that places people or property at risk of injury. *See Bigon*, 252 S.W.3d at 371 (noting that sameness of focus indicates legislature did not intend multiple punishments).

Furthermore, the focus of these offenses indicates a single instance of conduct. *See Huffman*, 267 S.W.3d at 907. As the *Huffman* court explained, "[i]f 'circumstances surrounding the conduct' is the focus of the offense, . . . different types of conduct could establish alternate methods of committing the same offense rather than different offenses, so long as the circumstances surrounding the conduct are the same." *Id.* Given that reckless driving and deadly conduct both

13

focus on the circumstance of the defendant's conduct—in this case, driving which placed Gruber in danger—the gravamen of the offense indicates a single offense. *See id.*

The State contends that reckless driving focuses on the danger to "the public at large" while deadly conduct is concerned with danger to a specific individual. This is a distinction without meaning, as reckless driving cannot endanger the "public at large" unless there is an actual person or piece of property that is placed in danger by the reckless conduct. *See Fernandez*, 306 S.W.3d at 369 (Dauphinot, J., dissenting) (explaining that reckless driving cannot occur unless person or property placed in danger). As we have discussed, reckless driving and deadly conduct share a common focus, and that focus indicates a single incidence of conduct. Therefore, as applied to this case, the fifth and sixth *Ervin* factors indicate that the legislature intended to punish reckless driving and deadly conduct only once. *See* 991 S.W.2d at 814. Therefore, even under an *Ervin* analysis, the legislature likely did not intend to punish the conduct in this case more than once. *Id.*

Thus, regardless of whether we apply the clear-expression or *Ervin*-factors standard, we conclude that Zuliani's convictions for both reckless driving and deadly conduct violate the prohibition on double jeopardy. *See Gonzales*, 304 S.W.3d at 845–86. Accordingly, we affirm Zuliani's conviction for deadly conduct and vacate his conviction for reckless driving. *See Bigon*, 252 S.W.3d at 372 (noting that if convictions violate double jeopardy, appellate courts affirm conviction of most serious offense and vacate other convictions).

## CONCLUSION

We affirm the conviction for deadly conduct, and vacate and dismiss the conviction for reckless driving.

_____

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Henson and Goodwin
  Concurring Opinion by Justice Goodwin

03-10-00041-CR      Vacated and Dismissed
03-10-00042-CR      Affirmed

Filed:  September 14, 2012

Publish