# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON REMAND

## NO. 03-10-00041-CR
## NO. 03-10-00042-CR

**Gerald Christopher Zuliani, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE COUNTY COURT AT LAW NO. 1 OF WILLIAMSON COUNTY
## NOS. 09-05342-1 & 09-07509-1, HONORABLE SUZANNE BROOKS, JUDGE PRESIDING

## C O N C U R R I N G   O P I N I O N

I concur in the judgment, affirming the conviction for deadly conduct and vacating and dismissing the conviction for reckless driving. I agree with the majority's conclusions that appellant's convictions for reckless driving and deadly conduct violated the prohibition on double jeopardy because the legislature did not intend to punish the criminal conduct as charged in this case more than once. *See Bigon v. State*, 252 S.W.3d 360, 372 (Tex. Crim. App. 2008); *Ex parte Ervin*, 991 S.W.2d 804, 814 (Tex. Crim. App. 1999). I also agree with the majority's conclusion that the charged offenses are the "same" under Texas's modified *Blockburger* test. *See Bigon*, 252 S.W.3d at 370 (citing *Parrish v. State*, 869 S.W.2d 352, 354 (Tex. Crim. App. 1994)) (describing Texas's

modified *Blockburger* test). I write separately, however, because I cannot join the majority's analysis concerning "two distinct standards for reviewing legislative intent" "within the context of double jeopardy" and the majority's stated belief that the "clear expression standard is the applicable standard in this case."

Following the directive to this Court on remand, I believe an analysis of the *Ervin* factors is required. *See Zuliani v. State*, 353 S.W.3d 872, 872 (Tex. Crim. App. 2011) (per curiam) (citing *Bigon*, 252 S.W.3d at 370; *Ex parte Ervin*, 991 S.W.2d at 814). Applying the *Ervin* factors then, I would conclude that the legislature could not have intended multiple punishments for the offenses of deadly conduct and reckless driving based upon the conduct as charged and the facts of this case. *See Bigon*, 252 S.W.3d at 371–72 (applying *Ervin* factors to determine legislative intent and concluding that offenses of felony murder and intoxication manslaughter were the "same in the context of multiple punishment" and that "the multiple convictions for the same conduct violate[d] double jeopardy"); *Ex parte Ervin*, 991 S.W.2d at 814–17 (describing non-exclusive factors to determine legislative intent as to multiple punishments for same conduct and holding that defendant's convictions for intoxication manslaughter and manslaughter violated double jeopardy); *see also Gonzales v. State*, 304 S.W.3d 838, 845–46, 849 (Tex. Crim. App. 2010) (recognizing that, "for purposes of multiple-punishment analysis, the *Blockburger* test is only a tool of statutory construction" and applying *Ervin* factors to conclude no double jeopardy violation).

For this reason, I concur in the judgment, affirming the conviction for deadly conduct and vacating and dismissing the conviction for reckless driving.

2

_____

Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Henson and Goodwin

Filed:   September 14, 2012