TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







ON REMAND









NO. 03-10-00041-CR

NO. 03-10-00042-CR






Gerald Christopher Zuliani, Appellant


v.


The State of Texas, Appellee






FROM THE COUNTY COURT AT LAW NO. 1 OF WILLIAMSON COUNTY

NOS. 09-05342-1 & 09-07509-1, HONORABLE SUZANNE BROOKS, JUDGE PRESIDING





C O N C U R R I N G O P I N I O N


 I concur in the judgment, affirming the conviction for deadly conduct and vacating
and dismissing the conviction for reckless driving. I agree with the majority's conclusions that
appellant's convictions for reckless driving and deadly conduct violated the prohibition on double
jeopardy because the legislature did not intend to punish the criminal conduct as charged in this case
more than once. See Bigon v. State, 252 S.W.3d 360, 372 (Tex. Crim. App. 2008); Ex parte Ervin,
991 S.W.2d 804, 814 (Tex. Crim. App. 1999). I also agree with the majority's conclusion that the
charged offenses are the "same" under Texas's modified Blockburger test. See Bigon, 252 S.W.3d
at 370 (citing Parrish v. State, 869 S.W.2d 352, 354 (Tex. Crim. App. 1994)) (describing Texas's
modified Blockburger test). I write separately, however, because I cannot join the majority's
analysis concerning "two distinct standards for reviewing legislative intent" "within the context of
double jeopardy" and the majority's stated belief that the "clear expression standard is the
applicable standard in this case."

 Following the directive to this Court on remand, I believe an analysis of the Ervin
factors is required. See Zuliani v. State, 353 S.W.3d 872, 872 (Tex. Crim. App. 2011) (per curiam)
(citing Bigon, 252 S.W.3d at 370; Ex parte Ervin, 991 S.W.2d at 814). Applying the Ervin factors
then, I would conclude that the legislature could not have intended multiple punishments for the
offenses of deadly conduct and reckless driving based upon the conduct as charged and the facts
of this case. See Bigon, 252 S.W.3d at 371-72 (applying Ervin factors to determine legislative
intent and concluding that offenses of felony murder and intoxication manslaughter were the "same
in the context of multiple punishment" and that "the multiple convictions for the same conduct
violate[d] double jeopardy"); Ex parte Ervin, 991 S.W.2d at 814-17 (describing non-exclusive
factors to determine legislative intent as to multiple punishments for same conduct and holding that
defendant's convictions for intoxication manslaughter and manslaughter violated double jeopardy);
see also Gonzales v. State, 304 S.W.3d 838, 845-46, 849 (Tex. Crim. App. 2010) (recognizing that,
"for purposes of multiple-punishment analysis, the Blockburger test is only a tool of statutory
construction" and applying Ervin factors to conclude no double jeopardy violation).

 For this reason, I concur in the judgment, affirming the conviction for deadly conduct
and vacating and dismissing the conviction for reckless driving.




 __________________________________________

 Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Henson and Goodwin

Filed: September 14, 2012