MELISSA GOODWIN, Justice,
concurring.
I concur in the judgment, affirming the conviction for deadly conduct and vacating and dismissing the conviction for reckless driving. I agree with the majority’s conclusions that appellant’s convictions for reckless driving and deadly conduct violated the prohibition on double jeopardy because the legislature did not intend to punish the criminal conduct as charged in this case more than once. See Bigon v. State, 252 S.W.3d 360, 372 (Tex.Crim.App.2008); Ex parte Ervin, 991 S.W.2d 804, 814 (Tex.Crim.App.1999). I also agree with the majority’s conclusion that the charged offenses are the “same” under Texas’s modified Blockburger test. See Bigon, 252 S.W.3d at 370 (citing Parrish v. State, 869 S.W.2d 352, 354 (Tex.Crim.App.1994)) (describing Texas’s modified Block-burger test). I write separately, however, because I cannot join the majority’s analysis concerning “two distinct standards for reviewing legislative intent” “within the context of double jeopardy” and the majority’s stated belief that the “clear expression standard is the applicable standard in this case.”
Following the directive to this Court on remand, I believe an analysis of the Enin factors is required. See Zuliani v. State, 353 S.W.3d 872, 872 (Tex.Crim.App.2011) (per curiam) (citing Bigon, 252 S.W.3d at 370; Ex parte Enin, 991 S.W.2d at 814). Applying the Enin factors then, I would conclude that the legislature could not have intended multiple punishments for the offenses of deadly conduct and reckless driving based upon the conduct as charged and the facts of this case. See Bigon, 252 S.W.3d at 371-72 (applying Enin factors to determine legislative intent and concluding that offenses of felony murder and intoxication manslaughter were the “same in the context of multiple punishment” and that “the multiple convictions for the same conduct violate[d] double jeopard/’); Ex parte Ervin, 991 S.W.2d at 814-17 (describing non-exclusive factors to determine legislative intent as to multiple punishments for same conduct and holding that defendant’s convictions for intoxication manslaughter and manslaughter violated double jeopardy); see also Gonzales v. State, 304 S.W.3d 838, 845-46, 849 (Tex.Crim.App.2010) (recognizing that, “for purposes of multiple-punishment analysis, the Blockburger test is only a tool of statutory construction” and applying Enin factors to conclude no double jeopardy violation).
For this reason, I concur in the judgment, affirming the conviction for deadly conduct and vacating and dismissing the conviction for reckless driving.