

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1555-07

**JARED DANIEL LITTRELL, Appellant**

**v.**

**THE STATE OF TEXAS**

**ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW**
**FROM THE SEVENTH COURT OF APPEALS**
**POTTER COUNTY**

PRICE, J., delivered the opinion of the Court in which MEYERS, WOMACK, JOHNSON, KEASLER, HERVEY, HOLCOMB and COCHRAN, JJ., joined. KELLER, P.J., filed a dissenting opinion.

## O P I N I O N

In a single jury trial, the appellant was tried and convicted, and his punishment was assessed, for both the offense of felony murder and the offense of aggravated robbery. The court of appeals held that convicting and punishing the appellant for both offenses did not violate the Fifth Amendment prohibition against being punished twice for the same offense. We granted discretionary review on our own motion to examine this holding. We will

reverse the judgment of the court of appeals.

## FACTS AND PROCEDURAL POSTURE

In a multi-count indictment, the appellant was charged, *inter alia*, with felony murder and aggravated robbery, committed against the same victim on the same date.[1] The jury charge authorized the jury to convict the appellant of both offenses, which it did. The jury assessed punishment, enhanced with two prior convictions, at thirty years' confinement in the penitentiary for the felony-murder conviction, and twenty-five years' confinement for the

---

[1]

Count One of the indictment alleged that on November 10, 2003, the appellant:

did then and there, intentionally or knowingly, commit or attempt to commit the felony offense of Aggravated Robbery and in the course of and in furtherance of the commission, or in immediate flight from the commission of said felony, [the appellant] did then and there intentionally or knowingly commit an act clearly dangerous to human life, to-wit: discharge a firearm in the direction of [the complainant] that caused the death of [the complainant].

*See* TEX. PENAL CODE § 19.02(b)(3). Count Two alleged that on the same date the appellant:

did then and there while in the course of committing theft of property, and with the intent to obtain and maintain control of that property, intentionally or knowingly threaten and place [the same complainant] in fear of imminent bodily injury and death, and the [appellant] did then and there use and exhibit a deadly weapon, to-wit, a firearm.

*Id*., §§ 29.02(a)(2) and 29.03(a)(2).

Very briefly, the evidence at trial showed that in the very early morning hours of November 10, 2003, the appellant and a prostitute were looking for money to obtain crack cocaine. The prostitute knew from a "date" she had had with the complainant the evening before that he carried a large quantity of cash in his wallet. They went to the complainant's motel room and the prostitute knocked on the door. When the complainant answered, the appellant forced his way into the room, and a struggle ensued. The appellant fled the room, and the complainant, who was much larger, chased after him. The appellant turned around at the bottom of a flight of stairs and shot the complainant with a small caliber pistol, killing him.

aggravated-robbery conviction.[2] The appellant contended on appeal that he could not be punished for both offenses consistent with the Fifth Amendment prohibition against double jeopardy. Relying upon this Court's opinion in *Cervantes v. State*,[3] the Amarillo Court of Appeals disagreed. In an unpublished memorandum opinion, the court of appeals held that, because murder and aggravated robbery each contain an element that the other does not, the appellant suffered no double-jeopardy violation.[4] The court of appeals observed:

> To prove aggravated robbery as alleged in the indictment, the State had to prove, among other things, the commission of theft coupled with aggravating circumstances; such was not required to prove . . . murder . . . . To prove murder, the State had to establish that an act of appellant caused [the complainant]'s death; that element is missing in . . . aggravated assault [sic] . . . . So, the test espoused in *Cervantes* was met and no problems with double jeopardy arose.[5]

For the following reasons, we conclude that the court of appeals's analysis is flawed.

---

[2] The judgment does not specify whether these sentences are to run concurrently or consecutively. In pronouncing sentence, however, the trial court declared, "My understanding would be with regards to the verdicts in counts one, two, and three in this cause those would run concurrently." We therefore presume that they are to run concurrently. *See* TEX. PENAL CODE §§ 3.01(1) ("In this chapter, "criminal episode" means the commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person or item of property, [if] the offenses are committed pursuant to the same transaction . . . .") and 3.03(a) (for same "criminal episode" offenses prosecuted in a single criminal action, the "sentences shall run concurrently" except under circumstances not present here).

[3] 815 S.W.2d 569, 571-75 (Tex. Crim. App. 1991).

[4] *Litrell v. State*, No. 07-05-0282-CR, 2007 WL 2162990 (Tex. App.—Amarillo, delivered July 25, 2007).

[5] *Id.*, slip op. at *3.

**THE LAW**

The Double Jeopardy Clause of the Fifth Amendment, applicable to the states through the Fourteenth Amendment,[6] protects an accused against a second prosecution for the same offense for which he has been previously acquitted or previously convicted.[7] It also protects an accused from being punished more than once for the same offense.[8] The instant case involves the issue of multiple punishments stemming from a single prosecution. In the multiple-punishments context, two offenses may be the same if one offense stands in relation to the other as a lesser-included offense, or if the two offenses are defined under distinct statutory provisions but the Legislature has made it clear that only one punishment is intended.[9] Sameness in this context is a matter of legislative intent.[10]

The traditional indicium of that legislative intent is the so-called "same elements" test of *Blockburger v. United States*.[11] According to that test, it should be presumed that the

---

[6] *Brown v. Ohio*, 432 U.S. 161, 164 (1977).

[7] *Id*. at 165.

[8] *Id*.

[9] *Bigon v. State*, 252 S.W.3d 360, 370 (Tex. Crim. App. 2008); *Langs v. State*, 183 S.W.3d 680, 685 (Tex. Crim. App. 2006).

[10] *Missouri v. Hunter*, 459 U.S. 359, 368 (1983); *Ex parte Kopecky*, 821 S.W.2d 957, 959 (Tex. Crim. App. 1992).

[11] 284 U.S. 299 (1932).

Legislature did not regard two statutorily defined offenses to be the same if "each provision requires proof of a fact which the other does not."[12] However, for purposes of multiple-punishments analysis, the *Blockburger* test is only a tool of statutory construction—and not even an exclusive one.[13] An accused may be punished for two offenses that would be regarded as the same under a *Blockburger* analysis if the Legislature has otherwise made manifest its intention that he should be.[14]

In the instant case, we must address two questions. First we must determine whether the aggravated robbery is a lesser-included offense of the felony murder. We make that determination as a matter of state law "by comparing the elements of the greater offense, as the State pled it in the indictment, with the elements of the statute that defines the lesser offense."[15] If the aggravated robbery is a lesser-included offense under this analysis, the judicial presumption is that they are the same for double-jeopardy purposes and that the accused may not be punished for both.[16] The second question, in that event, is whether the

---

[12]

*Id*. at 304.

[13]

*Garza v. State*, 213 S.W.3d 338, 351-52 (Tex. Crim. App. 2007).

[14]

*Id*. at 352.

[15]

*Hall v. State*, 225 S.W.3d 524, 525 (Tex. Crim. App. 2007).

[16]

*See Hall v. State*, *supra*, at 532-33 ("In the absence of a contrary expression of legislative intent, the elements of offenses, as they are pleaded in the indictment, also are compared to decide whether multiple punishments violate the Double Jeopardy Clause."); *Bigon v. State*, *supra*, at 370 ("in Texas, when resolving whether two crimes are the same for double-jeopardy purposes, we focus

Legislature has clearly expressed a contrary intention that the accused should in fact be punished for both the greater and the lesser-included offenses.[17]

## ANALYSIS

The State's theory of felony murder, as expressed in Count One of the indictment, is that the appellant committed an act clearly dangerous to human life that caused the complainant's death during the commission (or attempted commission) of aggravated robbery. Count Two of the indictment alleges that self-same predicate aggravated robbery. In order to establish felony murder as alleged in Count One, the State need prove no more than the aggravated robbery (or attempted aggravated robbery) alleged in Count Two,[18] plus additional facts. In order to prove the aggravated robbery, the State need prove no additional fact that is not already contained in Count One. As they are pled in the indictment, then,

---

on the elements alleged in the charging instrument. *See Parish v. State*, 869 S.W.2d 352, 354 (Tex. Crim. App. 1994).").

[17] *Garza v. State*, *supra*, at 352; *Ervin v. State*, 991 S.W.2d 804, 807 (Tex. Crim. App. 1999).

[18] The dissent argues that because felony murder could have been proven under Count One of the indictment based upon its allegation of an *attempt* to commit aggravated robbery, whereas Count Two of the indictment alleges the actual *commission* of aggravated robbery, there is no double-jeopardy violation under *Blockburger*. Each count admits of proof of a fact, the dissent reasons, that the other does not. This view fails to take account of the fact that, as a matter of statutory law in Texas, the attempt to commit an aggravated robbery is itself a lesser-included offense of the commission of aggravated robbery. *See* TEX. CODE CRIM. PROC. art. 37.09(4) ("An offense is a lesser included offense if . . . it consists of an attempt to commit the offense charged or an otherwise included offense."). It follows that the allegation of the completed offense of aggravated robbery in Count Two was sufficient also to allege the inchoate offense of *attempted* aggravated robbery—the same inchoate offense that is expressly alleged in Count One. Thus, the allegations in Count One wholly subsume the allegations in Count Two. Under *Hall*, they are the same offense.

Count Two is clearly subsumed within, and therefore constitutes a lesser-included offense of, Count One, both as a matter of state law and for double-jeopardy purposes.[19]

In holding otherwise, the court of appeals seems to have lost sight of the fact that the appellant was charged with felony murder under Section 19.02(b)(3) of the Penal Code,[20] rather than murder under Section 19.02(b)(1).[21]  Had the appellant been charged under the latter provision, we agree that aggravated robbery would not have constituted a lesser-included offense.  Murder under such an indictment would require proof only that the appellant intentionally or knowingly caused the complainant's death and would not involve proof of a predicate felony such as aggravated robbery.  Aggravated robbery would require proof of other elements not required to prove murder by way of intentionally or knowingly causing death.[22]  Thus, those two offenses would (at least presumably) not be the same for

_____

[19] *Cf. Garza v. State*, *supra*, at 351 (capital murder is "same offense" under a *Blockburger* analysis as the offense of engaging in organized criminal activity by committing the same capital murder as a member of a criminal street gang).

[20] *See* TEX. PENAL CODE § 19.02(b)(3) ("A person commits an offense if he . . . commits or attempts to commit a felony, other than manslaughter, and in the course of and in furtherance of the commission or attempt, or in immediate flight from the commission or attempt, he commits or attempts to commit an act clearly dangerous to human life that causes the death of an individual.").

[21] *See* TEX. PENAL CODE § 19.02(b)(1) ("A person commits an offense if he . . . intentionally or knowingly causes the death of an individual[.]").

[22] *See* TEX. PENAL CODE §§ 29.02(a)(2) ("A person commits an offense if, in the course of committing theft as defined in Chapter 31 and with intent to obtain or maintain control over property, he . . . intentionally or knowingly threatens or places another in fear of imminent bodily injury or death."), and 29.03(a)(2) ("A person commits an offense if he commits robbery as defined in Section 29.02, and he . . . uses or exhibits a deadly weapon.").

jeopardy purposes, since on the face of the pleadings each would require proof of at least one fact that the other would not.[23] But an intentional or knowing murder was not the theory that the State chose to pursue in Count One.

Moreover, *Cervantes v. State*,[24] upon which the court of appeals principally relied, is distinguishable. In *Cervantes*, the defendant was charged with attempted capital murder in one count and aggravated robbery in another.[25] He alleged that punishing him for both offenses, even after only a single proceeding, violated his double-jeopardy rights. The theory of attempted capital murder was that Cervantes attempted to cause the death of a peace officer who was acting in the lawful discharge of an official duty. On the other hand, the count alleging aggravated robbery did not even allege that the complainant (the same complainant as in the attempted capital-murder count) was a peace officer. The complainant was off duty at the time of the alleged attempted capital murder and aggravated robbery. Cervantes argued that it was necessary for the State to prove the commission of the aggravated robbery in order to establish that the off-duty peace officer had been acting in the

---

[23] Of course, even when two statutorily defined offenses are clearly not the same under a *Blockburger* analysis, other considerations might make it clear that the Legislature nevertheless intended that an accused *not* be punished under both provisions. *See Ervin v. State*, *supra*, at 814; *Bigon v. State*, *supra*, at 370-72.

[24] 815 S.W.2d 569 (Tex. Crim. App. 1991).

[25] *Id*. at 571-72.

lawful discharge of an official duty at the time Cervantes tried to kill him.[26] Even if this were true as a matter of the available evidence, however, it does not establish that the aggravated robbery was a lesser-included offense of the attempted capital murder as both those offenses were defined by the pleading. Comparing the elements of the respective offenses as pled in the indictment in *Cervantes*,[27] it is clear that the allegation of aggravated robbery was not wholly subsumed by the allegation of attempted capital murder in that case. Each offense as alleged required proof of at least one fact that the other did not.[28] Cervantes's claim of double jeopardy could have prevailed only under "same evidence" or "same conduct" conceptions of lesser-included offense law and double-jeopardy law—conceptions we have flatly rejected.[29]

Because aggravated robbery as pled in Count Two of the appellant's indictment is a lesser-included offense of felony murder as pled in Count One, the presumption applies that they constitute the same offense for double-jeopardy purposes. We turn next, then, to the question of whether the Legislature has clearly expressed an intention that an accused should

---

[26] *Id*. at 572.

[27] *Id*. at 571-72.

[28] *Id*. at 573.

[29] *See, respectively, Hall v. State*, *supra*, at 535 ("We now hold that the pleadings approach is the sole test for determining in the first step whether a party may be entitled to a lesser-included-offense instruction."); *Ortega v. State*, 171 S.W.3d 895, 898-99 (Tex. Crim. App. 2005) (squarely rejecting a "same conduct" construction of *Blockburger*).

be punished for both offenses, notwithstanding the *Blockburger* analysis. We find no such legislative expression.

The Legislature knows well enough how to plainly express its intention that an accused should suffer multiple punishments for the same offense. There are examples readily to be found in the Penal Code. One is Section 22.04(h), which makes it clear that an accused who is charged with injury to a child, elderly individual, or disabled individual may also be prosecuted (and presumably, punished) for any other penal-code violation to which his conduct may subject him.[30] Similarly, Section 71.03(3) of the Penal Code provides that "[i]t is no defense to prosecution" for engaging in organized criminal activity that the accused has also been charged with one of the predicate offenses.[31] We have held this to be a clear enough indication of a legislative "intention that a defendant charged with engaging in organized criminal activity may also be charged (at least in the same proceeding) with the underlying offense and punished for both."[32] We find no comparable language in either Section 19.02, the murder statute, or Chapter 29 of the Penal Code, which defines the

---

[30]

See TEX. PENAL CODE § 22.04(h) ("A person who is subject to prosecution under both this section and another section of this code may be prosecuted under either or both sections."); *Gonzalez v. State*, 8 S.W.3d 640, 641 n.4 (Tex. Crim. App. 2000) (noting that this provision "apparently" authorizes multiple punishments notwithstanding the result of a *Blockburger* "same offense" analysis); *Johnson v. State*, 208 S.W.3d 478, 511 (Tex. App.—Austin 2006, no pet.) ("This statute plainly authorizes multiple punishments when a defendant's conduct violates both section 22.04 and another penal code section.").

[31]

TEX. PENAL CODE § 71.03(3).

[32]

*Garza v. State*, *supra*, at 352.

offenses of robbery and aggravated robbery. In the absence of such a comparably clear expression of a contrary legislative intent, we hold that the offense of aggravated robbery as pled in Count Two of the appellant's indictment was a lesser-included offense of, and therefore the same offense for double-jeopardy purposes as, the offense of felony murder as specifically pled in Count One. The court of appeals erred to conclude otherwise.

## CONCLUSION

The appellant's double-jeopardy rights were violated when the trial court authorized the jury to convict and punish him for both the felony murder and the aggravated-robbery offenses.[33] Because the aggravated-robbery conviction carried the lesser sentence, the remedy is to set aside the conviction and sentence for that offense while retaining the conviction and sentence for the felony murder offense.[34] This Court is authorized to reverse a judgment of a court of appeals in part and render the judgment that the court of appeals should have rendered.[35] The court of appeals had the authority to modify the trial court's judgment to set aside the conviction and sentence for aggravated robbery and to affirm the

---

[33]

It does not make a difference that the appellant is apparently serving these separate punishments concurrently—he is still entitled to have one sentence vacated. *Ervin v. State*, *supra*, at 817, *citing Ball v. United States*, 470 U.S. 856, 864-65 (1985).

[34]

The remedy for impermissible multiple convictions and punishments is to retain the most serious offense and vacate the other, the more serious offense ordinarily being defined as the offense for which the greatest sentence was assessed. *Bigon v. State*, *supra*, at 372-73; *Ex parte Cavazos*, 203 S.W.3d 333, 338 (Tex. Crim. App. 2006).

[35]

TEX. R. APP. P. 78.1(c).

trial court's judgment as modified.[36] We therefore reverse that part of the court of appeals's judgment that upheld the conviction and sentence for aggravated robbery, modify the trial court's judgment to set aside that portion that purports to convict and sentence the appellant for that offense, and otherwise affirm the judgment of the court of appeals.


Delivered:     October 15, 2008
Publish

---

[36] TEX. R. APP. P. 43.2(b).