Fi'ness Edward STOKES, Appellant,

v.

The STATE of Texas.

Nos. PD–0823–10, PD–0824–10, PD–0825–10.

Court of Criminal Appeals of Texas.

March 2, 2011.

Finess Edward Stokes, pro se.

John R. Rolater, Jr., Asst. Crim. D.A., McKinney, Jeffrey L. Van Horn, State's Atty., Austin, for State.

KELLER, P.J., filed a dissenting opinion in which HERVEY, J., joined.

Can a person be prosecuted twice for stealing the same gun—once for taking it and once for possessing it? Because there seems to be some question about it, I would grant review to consider appellant's double jeopardy claim.

Appellant was convicted of aggravated robbery involving the stealing of a handgun that occurred on January 21, 2005.[1] He was also convicted separately for the theft of that same handgun under the theory that he possessed it on February 19, 2005, knowing it was stolen.[2] The court of appeals held that these offenses were different for double jeopardy purposes because (1) the dates of the offenses were different (January 21st and February 19th), and (2) the charged theft required the additional element of knowing that the gun was stolen.[3]

These holdings seem inconsistent with the caselaw that says theft is not a continuing offense. In *Barnes v. State*, the State argued that every day a defendant exercised control over stolen property represented a separate, completed theft for the purpose of tolling the statute of limitations.[4] We rejected this contention. We held that, for statute of limitations purposes, the offense of theft was complete upon the initial unlawful acquisition of the property and did not continue for each day the thief retained possession.[5] We explained that the expansive definition of "appropriate" could "be used to eliminate evidentiary problems surrounding acquisition of stolen articles" but we had "never construed that section as an invitation to turn theft into a continuing offense." [6]

1. *See* TEX. PENAL CODE §§ 29.02(a)(2) (a person commits robbery if "in the course of committing theft as defined in Chapter 31 and with intent to obtain or maintain control of the property he ... intentionally or knowingly threatens or places another in fear of imminent bodily injury or death"), 29.03(a)(2) (a person commits aggravated robbery if he commits robbery and he "uses or exhibits a deadly weapon"). Appellant was convicted of a separate aggravated robbery for stealing diamonds from a jewelry store. The aggravated robbery involving the diamonds is not at issue here.

2. *See* TEX. PENAL CODE § 31.03(a) (theft is committed if a person "unlawfully appropriates property with intent to deprive the owner of property"), (b)(2) (the appropriation of property is unlawful when "the property is stolen and the actor appropriates the property knowing it was stolen by another").

3. *Stokes v. State*, No. 05–09–00235–CR, slip op. at 12, 2010 WL 2293424 (Tex.App.-Dallas June 9, 2010) (not designated for publication).

4. 824 S.W.2d 560, 562 (Tex.Crim.App.1991).

5. *Id.* at 561–62.

6. *Id.* at 562.

Likewise, the language "knowing it was stolen by another" could be used to alleviate difficulties in proving when a theft occurred, but that language does not permit the State to create two thefts out of one. Appellant's knowing possession of the stolen gun on February 19th was not a separate offense from his initial theft of the gun on January 21st.

It could be argued that the offenses are different for double jeopardy purposes because the aggravated robbery offense requires only an attempted theft,[7] while the theft offense requires a completed theft.[8] But this kind of reasoning was rejected by this Court in the context of felony murder and aggravated robbery.[9] The defendant in *Littrell* was convicted of felony murder by committing an act clearly dangerous to human life that caused the victim's death during the commission *or attempted commission* of aggravated robbery.[10] He was also convicted of the self-same predicate aggravated robbery.[11] This Court found that the defendant's double-jeopardy rights were violated by conviction for both offenses.[12] If the reasoning in *Littrell* does not apply in the aggravated robbery/theft context, this Court should explain why it does not.

I respectfully dissent to the Court's refusal to grant appellant's petition.

---

**7.** *See* Tex. Penal Code § 29.01(1) ("In the course of committing theft" means "conduct that occurs in an attempt to commit, during the commission, or in immediate flight after the attempt or commission of theft.").

**8.** *See Littrell v. State,* 271 S.W.3d 273, 279–81 (Tex.Crim.App.2008) (Keller, P.J., dissenting) (arguing that aggravated robbery was a different offense from felony murder because felony murder required only an attempt to commit aggravated robbery).

**9.** *Id.* at 277 n. 18 (Court's op.).

**10.** *Id.* at 276.

**11.** *Id.* at 276.

**12.** *Id.* at 279.