IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1460-13






JIMMY DON PRICE, Appellant 


v.


THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW

FROM THE NINTH COURT OF APPEALS

POLK COUNTY




 Price, J., filed a concurring opinion in which Cochran, J., joined.


CONCURRING OPINION


 Whether a defendant may be twice punished for two offenses stemming from a single
prosecution, consistent with the Double Jeopardy Clause, is a question of legislative intent. (1) 
This requires us to engage in construction of the relevant statutes to determine what the
statutory language reveals about the legislature's intent regarding the availability of multiple
punishments. Typically, statutory language proves facially unrevealing with respect to this
precise question, and we must resort to certain methods of statutory construction to divine
the legislative intent. Principal among those methods--at least when dealing with the
double-jeopardy implications of punishing a defendant twice in the same prosecution for two
offenses that derive from separate sections of the Penal Code--is "[t]he traditional indicium
of . . . legislative intent [which] is the so-called 'same elements' test of Blockburger v. United
States." (2) If two separately defined statutory offenses are the "same" under the Blockburger
lesser-included-offense analysis, then "the judicial presumption is that they are the same for
double-jeopardy purposes and that the accused may not be punished for both." (3) That
presumption may be defeated, of course, by a clearly expressed intent to the contrary in the
language of the relevant statute or statutes. (4)

 The statute in question here, Section 21.02 of the Penal Code, (5) actually does make it
clear that the Legislature did not intend that a defendant be convicted (and hence punished)
both for this ongoing offense and also for any of the identified predicate offenses (against
the same victim and during the same period of time as alleged for purposes of the
continuous-sexual-abuse-of-a-child offense) that statutorily comprise an "act of sexual
abuse." (6) Continuous sexual abuse of a child is to be regarded as the "same" offense, for
double-jeopardy purposes, as any of the particular predicate offenses that comprise it. One
of those predicate offenses is aggravated sexual assault under Section 22.021 of the Penal
Code. (7) But did the Legislature also intend that any lesser-included offense of any of those
predicate offenses (such as an attempted aggravated sexual assault) should be regarded as the
"same" as the continuous-sexual-abuse-of-a-child offense for double-jeopardy purposes? 
Section 21.02 does not expressly speak to this question.

 In the absence of any contrary expression of legislative intent in Section 21.02, our
primary consideration is the Blockburger presumption. We know that the Legislature did not
intend multiple punishments for both continuous sexual abuse of a child and any predicate
offense, including aggravated sexual assault, subsumed therein. Attempted aggravated
sexual assault is a lesser-included offense of aggravated sexual assault; they are the "same"
offense for double-jeopardy purposes. (8) If the Legislature did not intend that an accused be
punished for both continuous sexual abuse and for any of the named predicate offenses, then
by extension (and entertaining the Blockburger presumption), we may safely assume that the
Legislature did not intend that an accused be susceptible to punishment for both continuous
sexual abuse of a child and also for any offense that is the same as (because a lesser-included
offense of) any of the named predicate offenses. (9)

 With these supplemental remarks, I join the Court's opinion.


FILED: June 25, 2014

PUBLISH
1. See, e.g., Littrell v. State, 271 S.W.3d 273, 276 (Tex. Crim. App. 2008) ("Sameness in this
context is a matter of legislative intent.").
2. Id. (citing Blockburger v. United States, 284 U.S. 299 (1932)).
3. Id.
4. Id.; Garza v. State, 213 S.W.3d 338, 351-52 (Tex. Crim. App. 2007).
5. Tex. Penal Code § 21.02.
6. Id. § (e).
7. Id § (c)(4) (listing Tex. Penal Code § 22.021).
8. See Tex. Code Crim. Proc. art. 37.09(4) ("An offense is a lesser included offense if . . . it
consists of an attempt to commit the offense charged or an otherwise included offense."); Littrell, 271
S.W.3d at 277 n.18.
9. This is but an application of the transitive property: If a = b, and b = c, then a = c. If
continuous sexual abuse of a child is the same offense as the predicate offense of aggravated sexual
assault, and aggravated sexual assault is the same offense as its lesser-included offense of attempted
aggravated sexual assault, then continuous sexual abuse of a child is the same offense as attempted
aggravated sexual assault.