

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. PD-1460-13

**JIMMY DON PRICE, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW FROM THE NINTH COURT OF APPEALS POLK COUNTY

**PRICE, J., filed a concurring opinion in which COCHRAN, J., joined.**

### <u>CONCURRING OPINION</u>

Whether a defendant may be twice punished for two offenses stemming from a single prosecution, consistent with the Double Jeopardy Clause, is a question of legislative intent.[1] This requires us to engage in construction of the relevant statutes to determine what the statutory language reveals about the legislature's intent regarding the availability of multiple punishments. Typically, statutory language proves facially unrevealing with respect to this

---

[1] *See, e.g.*, *Littrell v. State*, 271 S.W.3d 273, 276 (Tex. Crim. App. 2008) ("Sameness in this context is a matter of legislative intent.").

precise question, and we must resort to certain methods of statutory construction to divine the legislative intent. Principal among those methods—at least when dealing with the double-jeopardy implications of punishing a defendant twice in the same prosecution for two offenses that derive from separate sections of the Penal Code—is "[t]he traditional indicium of . . . legislative intent [which] is the so-called 'same elements' test of *Blockburger v. United States*."[2] If two separately defined statutory offenses are the "same" under the *Blockburger* lesser-included-offense analysis, then "the judicial presumption is that they are the same for double-jeopardy purposes and that the accused may not be punished for both."[3] That presumption may be defeated, of course, by a clearly expressed intent to the contrary in the language of the relevant statute or statutes.[4]

The statute in question here, Section 21.02 of the Penal Code,[5] actually *does* make it clear that the Legislature did *not* intend that a defendant be convicted (and hence punished) *both* for this ongoing offense and *also* for any of the identified predicate offenses (against the same victim and during the same period of time as alleged for purposes of the continuous-sexual-abuse-of-a-child offense) that statutorily comprise an "act of sexual

---

[2] *Id*. (citing *Blockburger v. United States*, 284 U.S. 299 (1932)).

[3] *Id*.

[4] *Id*.; *Garza v. State*, 213 S.W.3d 338, 351-52 (Tex. Crim. App. 2007).

[5] TEX. PENAL CODE § 21.02.

abuse."[6]  Continuous sexual abuse of a child is to be regarded as the "same" offense, for double-jeopardy purposes, as any of the particular predicate offenses that comprise it.  One of those predicate offenses is aggravated sexual assault under Section 22.021 of the Penal Code.[7]  But did the Legislature *also* intend that any lesser-included offense of any of those predicate offenses (such as an *attempted* aggravated sexual assault) should be regarded as the "same" as the continuous-sexual-abuse-of-a-child offense for double-jeopardy purposes? Section 21.02 does not expressly speak to this question.

In the absence of any contrary expression of legislative intent in Section 21.02, our primary consideration is the *Blockburger* presumption.  We know that the Legislature did not intend multiple punishments for both continuous sexual abuse of a child and any predicate offense, including aggravated sexual assault, subsumed therein.  Attempted aggravated sexual assault is a lesser-included offense of aggravated sexual assault; they are the "same" offense for double-jeopardy purposes.[8]  If the Legislature did not intend that an accused be punished for both continuous sexual abuse and for any of the named predicate offenses, then by extension (and entertaining the *Blockburger* presumption), we may safely assume that the

---

[6]  *Id*. § (e).

[7]  *Id* § (c)(4) (listing TEX. PENAL CODE § 22.021).

[8]  *See* TEX. CODE CRIM. PROC. art. 37.09(4) ("An offense is a lesser included offense if . . . it consists of an attempt to commit the offense charged or an otherwise included offense."); *Littrell*, 271 S.W.3d at 277 n.18.

Legislature did not intend that an accused be susceptible to punishment for both continuous sexual abuse of a child and also for any offense that is the *same* as (because a lesser-included offense of) any of the named predicate offenses.[9]

With these supplemental remarks, I join the Court's opinion.

FILED:          June 25, 2014
PUBLISH

---

[9]
    This is but an application of the transitive property: If a = b, and b = c, then a = c.  If continuous sexual abuse of a child is the same offense as the predicate offense of aggravated sexual assault, and aggravated sexual assault is the same offense as its lesser-included offense of attempted aggravated sexual assault, then continuous sexual abuse of a child is the same offense as attempted aggravated sexual assault.