

# NUMBER 13-22-00281-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ENRIQUE MORENO SANCHEZ
A/K/A ENRIQUE SANCHEZ,                                    Appellant,

v.

THE STATE OF TEXAS,                                      Appellee.

### On appeal from the 206th District Court
### of Hidalgo County, Texas.

# MEMORANDUM OPINION

### Before Justices Longoria, Silva, and Peña
### Memorandum Opinion by Justice Longoria

Appellant Enrique Moreno Sanchez a/k/a Enrique Sanchez was found guilty by a jury for one count of continuous sexual abuse of a young child (Count One), six counts of indecency with a child (Counts Two through Seven), and six counts of aggravated sexual assault of a child (Counts Eight through Thirteen). *See* TEX. PENAL CODE ANN. §§ 21.02,

21.11, 22.021. By two issues, which we construe as one, Sanchez argues that his convictions for indecency with a child and aggravated sexual assault of a child violate his rights under the Double Jeopardy clause of the United States Constitution and his rights under Article 1, § 14 of the Texas Constitution. The State concedes Sanchez's issue. We reverse and render judgment vacating Sanchez's convictions for indecency with a child and aggravated sexual assault of a child and affirm his remaining conviction for continuous sexual abuse of a young child.

## I.    BACKGROUND

Sanchez was indicted for continuous sexual abuse a child under the age of fourteen for allegedly committing two or more acts of sexual abuse against Elizabeth[1] during a period that began on June 1, 2017 and ended on July 17, 2019. This first count generally alleged that the acts of sexual abuse included aggravated sexual assault of a child and indecency with a child by sexual contact.

The indictment also included twelve additional counts against Sanchez. Six of the counts alleged different types and incidences of aggravated sexual assault of a child against Elizabeth, and the other six counts alleged different types and incidences of indecency with a child by sexual contact against Elizabeth. Each offense was alleged to have been committed during the period of continuous abuse alleged in the first count.

At Sanchez's trial, after presentation of all the evidence and testimony by the

---

[1] We refer to the minor victim by a pseudonym to protect their identity.

parties, the trial court read and provided separate charges for each offense alleged in the indictment to the jury. After the parties presented closing arguments, the jury found Sanchez guilty on all counts. The jury assessed punishment of ninety-nine years' imprisonment for the continuous sexual abuse of a young child conviction, twenty years' imprisonment for each of the six indecency with a child convictions, and ninety-nine years' imprisonment for each of the six aggravated sexual assault of a child convictions. The jury also assessed a $10,000 fine for each conviction and ordered the sentences to run concurrently. This appeal followed.

## II. DOUBLE JEOPARDY

Sanchez argues that the six aggravated sexual assault of a child convictions and the six indecency with a child convictions should be vacated on double jeopardy grounds. The State agrees with Sanchez, as do we.

### A. Standard of Review & Applicable Law

The Double Jeopardy Clause of the Fifth Amendment, which is applicable to the states through the Fourteenth Amendment, protects a person from multiple punishments for the same offense. U.S. CONST. amends. V, XIV; *Garfias v. State*, 424 S.W.3d 54, 58 (Tex. Crim. App. 2014). "In the multiple-punishments context, two offenses may be the same if one offense stands in relation to the other as a lesser-included offense, or if the two offenses are defined under distinct statutory provisions but the Legislature has made it clear that only one punishment is intended." *Littrell v. State*, 271 S.W.3d 273, 275–76 (Tex. Crim. App. 2008).

3

"To obtain a conviction for continuous sexual abuse of a child, the State must show that the defendant committed at least two acts of sexual abuse against a child younger than 14 years of age during a period of at least 30 days' duration." *Ramos v. State*, 636 S.W.3d 646, 651–52. (Tex. Crim. App. 2021) (citing TEX. PENAL CODE ANN. § 21.02(b)). Aggravated sexual assault of a child and indecency with a child by sexual contact are among the predicate offenses listed as an "act of sexual abuse." TEX. PENAL CODE ANN. § 21.02(c)(2), (4).

Dual convictions for continuous sexual abuse and a predicate offense are prohibited under certain circumstances. *Id.* § 21.02(e). "A defendant charged with continuous sexual abuse who is tried in the same criminal action for an enumerated offense based on conduct committed against the same victim may not be convicted for both offenses unless the latter offense occurred outside the period of time in which the continuous-sexual-abuse offense was committed." *Price v. State*, 434 S.W.3d 601, 606 (Tex. Crim. App. 2014) (interpreting § 21.02(e)). Simply put, "the Legislature did not intend to permit dual convictions for continuous sexual abuse and for an enumerated act of sexual abuse unless the latter occurred during a different period of time." *Id.*

**B.    Discussion**

As the State acknowledges, Sanchez's six convictions for aggravated sexual assault of a child and six convictions for indecency with a child constituted acts of sexual abuse that Sanchez committed against Elizabeth during the period of continuous abuse alleged in the indictment, which spanned from June 1, 2017 until July 17, 2019.

4

Accordingly, we agree with the State that the Legislature did not intend for Sanchez to be convicted separately for all thirteen crimes. *See* TEX. PENAL CODE ANN. § 21.02(e); *Price*, 434 S.W.3d at 606.

## C.     Remedy for Double Jeopardy Violations

When multiple convictions violate the Double Jeopardy Clause, we retain the conviction for the "most serious" offense and set aside the others. *Bien v. State*, 550 S.W.3d 180, 188 (Tex. Crim. App. 2018). Generally, "[t]he most serious offense is the offense of conviction for which the greatest sentence was assessed." *Id.* (internal quotation marks omitted) (citing *Ex parte Cavazos*, 203 S.W.3d 333, 338 (Tex. Crim. App. 2006)). In this case, Sanchez was assessed ninety-nine years' imprisonment for the continuous sexual abuse of a young child conviction, twenty years' imprisonment for each of the six indecency with a child convictions, and ninety nine years' imprisonment for each of the six aggravated sexual assault of a child convictions. The jury also assessed a $10,000 fine for each conviction. Sanchez's convictions for indecency with a child are unequivocally not the most serious offense as their associated twenty-year sentences are lower than the ninety-nine-year sentences assessed for Sanchez's continuous sexual abuse of a young child and aggravated sexual assault of a child convictions. However, because the assessed sentences for Sanchez's convictions for continuous sexual abuse of a young child and aggravated sexual assault of a child are the same, we cannot solely rely on the "greatest sentence" factor to determine the most serious offense.

When the most serious offense cannot be determined by the general rule, we may

look to other distinguishing factors, such as parole eligibility. *See Villanueva v. State*, 227 S.W.3d 744, 749 (Tex. Crim. App. 2007); *see also Gunter v. State*, 673 S.W.3d 335, 347 (Tex. App.—Corpus Christi–Edinburg, 2023 pet. ref'd) (noting other distinguishing factors). Here, the State has suggested that continuous sexual abuse of a young child is the most serious offense because it has, among other things, the most serious parole eligibility restrictions. We note that continuous sexual abuse of a young child carries parole ineligibility as a penalty upon conviction. *See* TEX. GOV'T. CODE ANN. § 508.145(a). Aggravated sexual assault of a child also carries parole ineligibility as a penalty upon conviction "if the offense is punishable under Subsection (f) of" penal code § 22.021. *See id.* § 508.145(a)(3). In this case, none of Sanchez's six convictions for aggravated sexual assault of a child were punishable under § 22.021(f). *See* TEX. PENAL CODE ANN. § 22.021(f).[2] Under these circumstances, we will find that Sanchez's conviction for continuous sexual abuse of a young child is the most serious of his convictions. *See Villanueva*, 227 S.W.3d at 749. Accordingly, we affirm the conviction for continuous sexual abuse of a young child and vacate the convictions for indecency with a child and aggravated sexual assault of a child. *See Bien*, 550 S.W.3d at 188. We sustain Sanchez's

---

[2] Texas Penal Code § 22.021 provides that

> The minimum term of imprisonment for an offense under [§ 22.021] is increased to 25 years if: (1) the victim of the offense is younger than six years of age at the time the offense is committed; or (2) the victim of the offense is younger than 14 years of age at the time the offense is committed and the actor commits the offense in a manner described by Subsection (a)(2)(A).

*See* TEX. PENAL CODE ANN. § 22.021(f).

sole issue.

### III.    CONCLUSION

We reverse and render judgment vacating Sanchez's six convictions for aggravated sexual assault of a child and six convictions for indecency with a child by sexual contact (Counts Two through Thirteen). We affirm Sanchez's conviction for continuous sexual abuse of a young child (Count One).

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
29th day of February, 2024.