

# NUMBER 13-23-00321-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ABEL TREVINO,                                                                    Appellant,

v.

THE STATE OF TEXAS,                                                            Appellee.

## ON APPEAL FROM THE 319TH DISTRICT COURT
## OF NUECES COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Silva**
**Memorandum Opinion by Justice Silva**

Appellant Abel Trevino was convicted of continuous sexual abuse of a young child,

a first-degree felony, and indecency with a child by contact, a second-degree felony, and

sentenced to fifty-five years' and ten years' imprisonment, respectively, with the sentences to run concurrent. *See* TEX. PENAL CODE ANN. §§ 21.02(b), 21.11(a)(1). By one issue, Trevino argues his convictions violate double jeopardy. We affirm.

## I.  BACKGROUND

Emily,[1] the sixteen-year-old complainant, testified that she was thirteen when Trevino, her stepfather, began "touching [her] sexually." Over the course of a few months, Trevino progressed from touching her breasts over her clothes with his hands to engaging in penile to vaginal penetration. The sexual abuse ended approximately six months later, on August 26, 2020, when Emily wrote a note to her grandmother, asking her to "report" Trevino:

> Nana[,] I have something important to tell you[.] I can't say this out loud[,] but I need you to do one of the most important things you will ever do for me[.] I need you to report dad[.] [H]e has been using me[,] and I didn[']t know what to do[.] I took a pregnancy test today[.] It was positive. I need you to report saying you overheard the conversation.

Emily's handwritten note was admitted into evidence at trial, as was a receipt and video footage from the store Trevino and Emily purchased the pregnancy test from hours before her outcry. Trevino's recorded statement to law enforcement, wherein he confessed to "f[]cking" Emily multiple times for several months, was also admitted into evidence.

The jury returned a guilty verdict on both counts, and this appeal ensued.

---

[1] We have assigned a pseudonym to the minor complainant to protect her privacy. *See* TEX. CONST. art. 1, § 30(a)(1) (providing that a crime victim has "the right to be treated . . . with respect for the victim's dignity and privacy throughout the criminal justice process"); TEX. R. APP. P. 9.8 cmt.

2

## II.    DOUBLE JEOPARDY

The Double Jeopardy Clause of the Fifth Amendment, which is applicable to the states through the Fourteenth Amendment, protects a person from multiple punishments for the same offense. U.S. CONST. amends. V, XIV; *Garfias v. State*, 424 S.W.3d 54, 58 (Tex. Crim. App. 2014). "In the multiple-punishments context, two offenses may be the same if one offense stands in relation to the other as a lesser-included offense, or if the two offenses are defined under distinct statutory provisions but the Legislature has made it clear that only one punishment is intended." *Littrell v. State*, 271 S.W.3d 273, 275–76 (Tex. Crim. App. 2008). We begin our analysis by examining the statute's literal text. *Allen v. State*, 620 S.W.3d 915, 918 (Tex. Crim. App. 2021).

A person commits the offense of continuous sexual abuse of a young child when "during a period that is 30 or more days in duration, the person commits two or more acts of sexual abuse," and "at the time of the commission of each of the acts of sexual abuse, the actor is 17 years of age or older and the victim is" a child younger than 14 years of age. TEX. PENAL CODE ANN. § 21.02 (b)(1), (2)(A). Subsection (c) enumerates various predicate offenses which may serve as the "act of sexual abuse" for purposes of the continuous sexual abuse statute. *Id.* § 21.02(c). Dual convictions for continuous sexual abuse and a predicate offense are generally prohibited. *Id.* § 21.02(e); *Allen*, 620 S.W.3d at 920 ("We also note that § 21.02(e) begins by saying that a defendant 'may not be convicted' of a § 21.02(c) offense."). Indecency with a child committed by touching the breast of a child, however, is not a predicate offense under the continuous sexual abuse statute. TEX. PENAL CODE ANN. § 21.02(c). Rather, it is explicitly excluded. *Id.*; *see*

3

*Carbajal v. State*, 659 S.W.3d 164, 185 (Tex. App.—El Paso 2022, pet. ref'd); *see also*
*Caballero v. State*, No. 13-22-00183-CR, 2024 WL 484698, at *9 (Tex. App.—Corpus
Christi–Edinburg Feb. 8, 2024, no pet.) (mem. op., not designated for publication) ("With
respect to indecency of a child, the touching of a child's breast, including touching through
clothing, does not qualify as an 'act of sexual abuse' under § 21.01."). Therefore, the State
is entitled to prosecute the offense of indecency with a child committed by touching the
breast of a child separately and independently from a continuous-sexual-abuse-of-a-child
charge. *See* TEX. PENAL CODE ANN. § 21.02; *Carbajal*, 659 S.W.3d at 185.

Trevino was indicted and convicted of the offenses of continuous sexual abuse of
a young child and indecency with a child by touching of the breast. *See* TEX. PENAL CODE
ANN. §§ 21.02(b), 21.11(a)(1). Because the latter offense is specifically excluded as an
"act of sexual abuse" under the continuous sexual abuse of a young child statute, *see id.*
§ 21.02(c), Trevino's convictions are constitutionally permissible. *See Carbajal*, 659
S.W.3d at 185 (affirming convictions for continuous sexual abuse of a child and indecency
with a child by contact for touching the breast of the child); *see also Daniel v. State*, No.
02-22-00175-CR, 2023 WL 3643628, at *1 (Tex. App.—Fort Worth May 25, 2023, no pet.)
(mem. op., not designated for publication) (same); *Banda v. State*, No. 13-19-00587-CR,
2021 WL 2006325, at *1 (Tex. App.—Corpus Christi–Edinburg May 20, 2021, pet. ref'd)
(mem. op., not designated for publication) (same).

We overrule Trevino's sole issue.

###### III. CONCLUSION

We affirm the trial court's judgment.

CLARISSA SILVA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
11th day of July, 2024.

5