

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-23-00306-CR

———————————————

TERRANCE OMAR CARTER, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 372nd District Court
Tarrant County, Texas
Trial Court No. 1767868

Before Birdwell, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Bassel

# MEMORANDUM OPINION

## I. Introduction

In his sole issue, Appellant Terrance Omar Carter contends that he received multiple convictions and punishments in violation of the Double Jeopardy Clause of the United States Constitution and Section 25.11(c) of the Texas Penal Code. Appellant contends that he is being impermissibly punished for convictions for both family violence and continuous family violence when the two convictions are predicated on the same conduct. The State concedes that Appellant's multiple punishments and convictions were error, and we agree. Accordingly, we reverse the judgment on Count One (family violence) and render a judgment of acquittal, and we affirm the judgment on Count Two (continuous family violence).

## II. Background

In Count One, the reindictment in this matter charged Appellant with the offense of assault on a family member with a previous conviction. *See* Tex. Penal Code Ann. § 22.01(b)(2)(A). Specifically, the indictment alleges

> THAT TERRANCE OMAR CARTER, HEREINAFTER CALLED DEFENDANT, ON OR ABOUT THE 6TH DAY OF MAY 2021, IN THE COUNTY OF TARRANT, STATE OF TEXAS, DID INTENTIONALLY, KNOWINGLY, OR RECKLESSLY CAUSE BODILY INJURY TO [Z.M.], A MEMBER OF THE DEFENDANT'S FAMILY OR HOUSEHOLD OR A PERSON WITH WHOM THE DEFENDANT HAD A DATING RELATIONSHIP, BY STRIKING OR PUSHING HER WITH THE DEFENDANT'S HAND, OR BY STRIKING OR SCRATCHING HER WITH A FORK, OR BY PUSHING HER BODY OR HEAD INTO A WALL WITH THE DEFENDANT'S HAND,

[and continues with an allegation of a prior conviction for family violence].

Count Two of the reindictment alleged the offense of continuous family violence. *See id.* § 25.11(c). One of the several acts of conduct alleged for the count of continuous family violence is the same act alleged in Count One of the reindictment.

Appellant was convicted on both counts. For each count, the jury assessed Appellant's punishment at fifteen years in the Institutional Division of the Texas Department of Criminal Justice and a $5,000 fine. The judgments of conviction imposed sentences in accordance with the jury's verdicts and ordered that Appellant's sentences would run concurrently.

## III. Discussion

The State concedes that Appellant's two convictions and punishments violate the Double Jeopardy Clause of the United States Constitution and Section 25.11(c) of the Texas Penal Code. *See* U.S. Const. amends. V, XIV; Tex. Penal Code Ann. § 25.11(c).[1] We agree. Specifically, Appellant suffered a double-jeopardy violation because he is being punished for the same conduct as both the discrete act of family violence alleged in Count One of the reindictment and as one of the multiple acts of

---

[1]Because the State's concession of error is not conclusive, we set forth a discussion of the issue. *See Saldano v. State*, 70 S.W.3d 873, 884 (Tex. Crim. App. 2002) ("A confession of error by the prosecutor in a criminal case is important, but not conclusive, in deciding an appeal.").

family violence alleged to constitute continuous family violence in the reindictment's Count Two.

Both parties cite to our recent opinion in *Aguilar v. State* to explain why a double-jeopardy violation occurred. No. 02-22-00271-CR, 2023 WL 6631526 (Tex. App.—Fort Worth Oct. 12, 2023, pet. ref'd) (mem. op., not designated for publication). As we explained in *Aguilar*,

> The Double Jeopardy Clause, contained within the Fifth Amendment and applicable to the states through the Fourteenth Amendment, protects an accused against a second prosecution for the same offense. U.S. Const. amends. V, XIV; *Littrell v. State*, 271 S.W.3d 273, 275 (Tex. Crim. App. 2008). In addition to protecting against multiple prosecutions, this provision also protects against multiple punishments for the same offense. *Brown v. Ohio*, 432 U.S. 161, 165, 97 S. Ct. 2221, 2225 (1977); *Ex parte Adams*, 586 S.W.3d 1, 4 (Tex. Crim. App. 2019); *Speights v. State*, 464 S.W.3d 719, 722 (Tex. Crim. App. 2015).

> In a multiple-punishments double-jeopardy case, the relevant inquiry is always whether the legislature intended to permit multiple punishments. *Loving v. State*, 401 S.W.3d 642, 646 (Tex. Crim. App. 2013). Thus, in such a case, we must assess whether an appellant has been "convicted of more offenses than the legislature intended." *Ex parte Milner*, 394 S.W.3d 502, 507 (Tex. Crim. App. 2013) (quoting *Ervin v. State*, 991 S.W.2d 804, 807 (Tex. Crim. App. 1999)); *see Ball v. United States*, 470 U.S. 856, 861, 105 S. Ct. 1668, 1671–72 (1985).

> Penal Code Section 25.11, the continuous-violence-against-the-family statute, expressly provides that unless certain statutory conditions are met, "[a] defendant may not be convicted in the same criminal action of another offense the victim of which is an alleged victim of the [continuous-violence offense] and an element of which is any conduct that is alleged as an element of the [continuous-violence offense]." Tex. Penal Code Ann. § 25.11(c). By including this provision, "the legislature indicated its clear intent: a person cannot be convicted in the same criminal action of continuous violence against a victim and also be convicted of additional, discrete instances of bodily-injury assault against

4

that same victim if those discrete assaults could have been charged as part of the continuous count." *Birdo v. State*, No. 02-22-00142-CR, 2023 WL 4630627, at *5 (Tex. App.—Fort Worth July 20, 2023, no pet.) (mem. op., not designated for publication) (first citing Tex. Penal Code Ann. § 25.11(c); then citing *Ellison v. State*, 425 S.W.3d 637, 647 (Tex. App.—Houston [14th Dist.] 2014, no pet.); and then citing *Soliz v. State*, 353 S.W.3d 850, 851–52 (Tex. Crim. App. 2011)). However, "the State may charge the additional, discrete acts alternatively or as lesser-included offenses." *Id.* (citing Tex. Penal Code Ann. § 25.11(c)).

*Id.* at *4. The multiple convictions and punishments in this case are indistinguishable from those suffered by the appellant in *Aguilar*. The principles referenced in *Aguilar* establish that it was error to punish Appellant for his conviction on both counts in the reindictment.

The remedy for impermissible multiple convictions and punishments "is to retain the most serious offense and [to] vacate the other, the more serious offense ordinarily being defined as the offense for which the greatest sentence was assessed." *Id.* at *5 (citing *Littrell*, 271 S.W.3d at 279 n.34). Here, Appellant received the same punishment for both convictions.

"When the sentences are the same for both convictions, we may look to other distinguishing factors, such as the degree of each offense or an affirmative deadly weapon finding." *Id.* In *Aguilar*, we concluded that a discrete act of bodily-injury assault may be charged as a lesser-included offense of a continuous-violence offense, and "[g]iven that characterization, [the] conviction for continuous violence against the family . . . is the more serious offense." *Id.* at *6; *see also Weber v. State*, 536 S.W.3d 31, 37–38 (Tex. App.—Austin 2017, pet. ref'd) (citing *Carmichael v. State*, 505 S.W.3d 95,

101 (Tex. App.—San Antonio 2016, pet. ref'd), and concluding that appellant's continuous-sexual-abuse conviction was a more serious offense than his discrete aggravated-sexual-assault convictions despite the offenses' identical sentences because the individual acts of abuse are lesser-included offenses of the greater offense of continuous sexual abuse). Accordingly, the proper remedy in this matter is to vacate the judgment for the Count One family-violence conviction and to uphold the judgment for the Count Two continuous-family-violence conviction.

In light of the foregoing, we sustain Appellant's sole issue, we reverse the judgment of conviction on Count One, and we render a judgment of acquittal solely on Count One.

## IV. Conclusion

Having sustained Appellant's sole issue, we reverse the trial court's judgment of conviction on Count One and render a judgment of acquittal on that count, but we affirm the trial court's judgment on Count Two.

/s/ Dabney Bassel

Dabney Bassel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: July 11, 2024