

# NUMBER 13-23-00450-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**ARMANDO DEL ANGEL CRUZ,**         **Appellant,**

**v.**

**THE STATE OF TEXAS,**         **Appellee.**

---

## ON APPEAL FROM THE 332ND DISTRICT COURT
## OF HIDALGO COUNTY, TEXAS

---

## MEMORANDUM OPINION

### Before Chief Justice Tijerina and Justices West and Fonseca
### Memorandum Opinion by Justice Fonseca

Appellant Armando Del Angel Cruz was convicted of two counts of aggravated sexual assault, a first-degree felony (Counts 1 and 2), *see* TEX. PENAL CODE ANN. § 22.021; one count of aggravated assault, a second-degree felony (Count 3), *see id.* § 22.02(a)(1); one count of assault of a family member by impeding breath or circulation, a third-degree felony (Count 4), *see id.* § 22.01(b)(2)(B); and one count of possession of

less than one gram of cocaine, a state jail felony (Count 5). *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b). He was sentenced to concurrent prison terms of twenty years for each of Counts 1–3, eight years for Count 4, and 180 days for Count 5. On appeal, Cruz contends that his convictions on Counts 3 and 4 violated his double jeopardy rights under the United States and Texas Constitutions. We affirm.

## I. BACKGROUND

Count 3 alleged that, on or about December 31, 2021, Cruz intentionally, knowingly, or recklessly caused serious bodily injury to Sarah[1] "by striking her with his hand and/or kicking her with his foot." *See* TEX. PENAL CODE ANN. § 22.02(a)(1). Count 4 alleged that: (1) on or about the same date, Cruz intentionally, knowingly, or recklessly caused bodily injury to Sarah "by intentionally, knowingly, or recklessly, impeding the breathing or circulation of the blood of Sarah, by applying pressure to the throat or neck or blocking the nose or mouth of the said Sarah"; and (2) Sarah is "a person with whom [Cruz] had or had had a dating relationship as described by [§] 71.0021(b) of the Texas Family Code." *See id.* § 22.01(b)(2)(B).

At trial, Sarah testified that she began dating Cruz in October 2021, and they broke up in December. On the morning of December 31, she went to Cruz's residence to retrieve her belongings, and the couple engaged in consensual sexual intercourse. Sarah stated that she fell asleep afterward, but Cruz woke her up to ask her "what was going on" in certain pictures he had found on her phone. Sarah stated Cruz "was asking why I had all these pictures on my phone of—of other guys and of—pictures of his brother at a light

---

[1] We refer to the complainant by the pseudonym used in the indictment. *See* TEX. CONST. art. I, § 30(a)(1); TEX. CODE CRIM. PROC. ANN. ch. 58, subch. C.

2

festival." She said when she "tried to get up," Cruz "just started hitting" her with his fists in her face, ribs, and stomach. She testified: "He was—I was on the floor, and he was on my—straddling my chest. And he was choking me and—and punching me, pulling my hair, and banging my head on the floor, and shoving his knee in my throat, and just punching over and over." Sarah explained that Cruz choked her by wrapping "[h]is two hands around [her] throat" and by putting his "forearm against [her] throat on the floor, pushing it down, with his hands." She stated she was not able to breathe during the time she was being choked. Sarah testified that Cruz then sexually assaulted her on the bed and on the couch. She denied consenting to the assaults.[2] Cruz testified in his own defense and denied the allegations.

Cruz was convicted as set forth above, and this appeal followed.

## II. DOUBLE JEOPARDY

### A. Applicable Law

The Double Jeopardy Clause of the Fifth Amendment, which is applicable to the states through the Fourteenth Amendment, protects a person from multiple punishments for the same offense. *See* U.S. CONST. amends. V, XIV; *Illinois v. Vitale*, 447 U.S. 410, 415 (1980). The Texas Constitution contains analogous protections. *See* TEX. CONST. art. I, § 14; *Garfias v. State*, 424 S.W.3d 54, 58 (Tex. Crim. App. 2014).

Generally, two offenses are not considered the "same" for double jeopardy purposes if "each provision requires proof of a fact which the other does not." *Littrell v. State*, 271 S.W.3d 273, 276 (Tex. Crim. App. 2008) (citing *Blockburger v. United States*,

---

[2] Cruz notes that, in her testimony, Sarah agreed that she and a prior boyfriend "practice[d] sexual asphyxiation" and that she previously described herself to a police officer as a "masochist." Cruz does not dispute that the evidence was sufficient to support the convictions.

3

284 U.S. 299, 304 (1932) ("The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.")). In asking that question, the focus is on the elements alleged in the charging instrument, not on the offense as defined in the penal code. *Garfias*, 424 S.W.3d at 58; *Ex parte Denton*, 399 S.W.3d 540, 546 (Tex. Crim. App. 2013). Thus, "[u]nder this so-called cognate-pleadings approach, double-jeopardy challenges can be made even against offenses that have different statutory elements, if the same facts required to convict are alleged in the indictment." *Garfias*, 424 S.W.3d at 58–59 (citing *Bigon v. State*, 252 S.W.3d 360, 370 (Tex. Crim. App. 2008)).

A multiple-punishments double jeopardy violation may also occur if both a greater and a lesser-included offense are alleged, and the same conduct is punished once for the greater offense and a second time for the lesser. *Langs v. State*, 183 S.W.3d 680, 685 (Tex. Crim. App. 2006). A lesser-included offense is one that "is established by proof of the same or less than all the facts required to establish the commission of the offense charged." TEX. CODE CRIM. PROC. ANN. art. 37.09(1). Even in that situation, "[a]n accused may be punished for two offenses that would be regarded as the same under a *Blockburger* analysis if the Legislature has otherwise made manifest its intention that he should be." *Littrell*, 271 S.W.3d at 276.

## B.    Analysis

Cruz did not raise this issue before the trial court. *See* TEX. R. APP. P. 33.1(a) (regarding preservation of error). However, a double jeopardy claim may be raised for the first time on appeal when "(1) the undisputed facts show the double-jeopardy violation is

4

clearly apparent from the face of the record, and (2) enforcement of the usual rules of procedural default serves no legitimate state interest." *Garfias*, 424 S.W.3d at 57–58. Cruz asserts there is a "clearly apparent" double jeopardy violation here because Count 4 "is a lesser included offense" of Count 3 and because the State used "[t]he same testimony and evidence" to prove both counts.

We disagree. We begin with the *Blockburger* test, which asks whether each offense "requires proof of a fact which the other does not." *See Price v. State*, 434 S.W.3d 601, 609 (Tex. Crim. App. 2014); *Blockburger*, 284 U.S. at 304. To obtain conviction on Count 3 as alleged in the indictment, the State was required to prove that Cruz (1) intentionally, knowingly, or recklessly (2) caused serious bodily injury[3] to Sarah (3) "by striking her with his hand and/or kicking her with his foot." *See* TEX. PENAL CODE ANN. § 22.02(a)(1) (providing that a person commits aggravated assault "if the person commits assault as defined in [§] 22.01 and the person . . . causes serious bodily injury to another"); *id.* § 22.01(a)(1) (providing that a person commits assault if the person "intentionally, knowingly, or recklessly causes bodily injury to another"). To obtain conviction on Count 4 as alleged in the indictment, the State had to prove: (1) Cruz had a "dating relationship" with Sarah[4]; (2) he intentionally, knowingly, or recklessly caused bodily injury to Sarah; and (3) "the offense [wa]s committed by intentionally, knowingly, or recklessly impeding the normal breathing or circulation of the blood of [Sarah] by applying pressure to [her]

---

[3] "Serious bodily injury" is defined as "bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." TEX. PENAL CODE ANN. § 1.07(46); *see id.* § 1.07(8) (providing that "bodily injury" means "physical pain, illness, or any impairment of physical condition").

[4] "Dating relationship" means "a relationship between individuals who have or have had a continuing relationship of a romantic or intimate nature," and its existence is determined based on consideration of "(1) the length of the relationship; (2) the nature of the relationship; and (3) the frequency and type of interaction between the persons involved in the relationship." TEX. FAM. CODE ANN. § 71.0021(b).

5

throat or neck or by blocking [her] nose or mouth." *Id.* § 22.01(b)(2)(B). Each offense required proof of at least two facts that the other did not—Count 3 required proof that the bodily injury suffered by Sarah was "serious" and that Cruz committed the assault "by striking her with his hand and/or kicking her with his foot"; Count 4 required proof of a "dating relationship" and that the assault was accomplished by impeding breath or circulation. *See* TEX. PENAL CODE ANN. §§ 22.01(b)(2)(B), 22.02(a)(1). Therefore, the offenses are not the "same" under the *Blockburger* test, and Count 3 is not a lesser-included offense of Count 4. *See* TEX. CODE CRIM. PROC. ANN. art. 37.09(1); *Price*, 434 S.W.3d at 609; *Littrell*, 271 S.W.3d at 276.

Further, employing the "cognate-pleadings approach," we cannot conclude that the two offenses required proof of the "same facts" so as to violate Cruz's double jeopardy rights. *See Garfias*, 424 S.W.3d at 59. In particular, the proof used to establish that Cruz assaulted Sarah by striking her with his hands, as alleged in Count 3, was not the same proof used to establish that he assaulted Sarah by impeding her breath, as alleged in Count 4. The indictment, along with Sarah's testimony, establish that the "hitting" and the "choking" were distinct acts. In this regard, we note that "[t]he protection against double jeopardy does not apply to separate and distinct offenses that occur during the same transaction." *Ex parte Milner*, 394 S.W.3d 502, 506 (Tex. Crim. App. 2013); *Brown v. State*, 640 S.W.3d 889, 892 (Tex. App.—Waco 2021, pet. ref'd). Thus, the fact that Cruz committed both offenses in rapid succession and as part of the same transaction has no bearing on whether those offenses are the same for double jeopardy purposes. *See Milner*, 394 S.W.3d at 506.

Here, the indictment and the evidence established that Cruz's actions in impeding

Sarah's breath were "separate and distinct" from the other assaultive acts he committed against her. *See id.*; *Brown*, 640 S.W.3d at 892 (finding no double jeopardy violation where "[t]he indictment and the evidence at trial established that Brown's actions in occluding the complainant's breathing or blood circulation were separate from other assaultive acts he committed against her, including punching her in the face, slamming her to the ground and into a nightstand, burning her with a cigarette, and shoving her head into an elevator wall"). Accordingly, there is no double jeopardy violation apparent on the face of the record. *See Garfias*, 424 S.W.3d at 57–58. Cruz's issue on appeal is overruled.

### III.   CONCLUSION

The trial court's judgments as to each count are affirmed.

YSMAEL D. FONSECA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
27th day of February, 2025.

7